(117 App. Div. 168)

### PEOPLE v. WEINSTOCK.

(Supreme Court, Appellate Division, First Department. January 25, 1907.)

1. GAME—STATUTORY PROVISIONS—SALE OF FOREIGN GAME.

> Laws 1892, p. 985, c. 488, prohibited the sale of woodcock or grouse taken in the state, and provided that the possession of such birds should be presumptive evidence that they were taken in the state, unless the person in possession should comply with certain requirements of the statute. Laws 1904, p. 1403, c. 580, amended the statute, so that the first sentence read: "Grouse and woodcock taken in this state shall not be sold or offered for sale within the state, or carried without the state, nor shall grouse or woodcock taken without the state be sold within the state except pursuant to the provision of this section." *Held*, that the statute before amendment did not forbid the sale of foreign grouse and woodcock, but the amendment does forbid such sale, unless the person selling them had complied with the requirements in the original statute.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Game, §§ 6, 7.]

2. STATUTES—AMENDMENT—CONSTRUCTION.

> The language of an amendment should be construed, if possible, so as to carry out the evident purpose of the amendment, and not construed so as to effect no change in the statute.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, § 311.]

Appeal from Trial Term, New York County.

Action by the people of the state of New York against Leon C. Weinstock. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

William Victor Goldberg, for appellant.

Robert C. Beatty and Selah B. Strong, for the People.

SCOTT, J. The judgment now appealed from was entered upon an agreed state of facts, showing that on the 16th and 18th days of November, 1905, defendant offered for sale and sold in the city of New York certain grouse which had not been taken in the state of New York, nor within 20 miles of the state line, and that said defendant had not given the bond specified in and required by section 27 of the forest, fish, and game law of this state. Laws 1892, p. 985, c. 488. The appeal raises a question as to the proper construction and effect to be given to said section as amended by chapter 580, p. 1403, of the Laws of 1904, which, with the addition of the words "or offered for sale" in the second line of the italicized quotation below, was continued by chapter 335, p. 611, of the Laws of 1905. Prior to that amendment the section prohibited the sale or offering for sale within this state of woodcock or grouse taken in the state, and provided that the mere possession of such game birds by any person should be presumptive evidence that they were taken within the state, unless the person possessed of them had given the commissioner a bond conditioned that the person giving it should not knowingly have in his possession or sell grouse or woodcock taken in the state, and containing such other provisions as to inspection of grouse or woodcock possessed by him, evidence that the same were taken without the state, by way of bill of sale, waybill, or otherwise, and generally such requirements as the commissioner may deem necessary for the enforcement of the section. As the statute then stood, it provided a rule of presumption only. Grouse or woodcock taken within the state might not be sold at all, but similar game birds taken without the state might be sold within the state. If a person was found in the possession of grouse or woodcock, the presumption whether or not they had been taken in this state depended upon whether or not a bond had been given. If no bond had been given, the presumption was that they had been taken in the state; but, if a bond had been given, no such presumption attached. In 1904 the section was amended so that the first sentence thereof read as follows:

"Grouse and woodcock taken in this state shall not be sold or offered for sale within the state, or carried without the state, *nor shall grouse or woodcock taken without the state be sold within the state except pursuant to the provision of this section.*"

The amendment consisting of the insertion of the italicized words. The contention of the appellant is that the section as thus amended still furnishes only a rule of presumption, and, in effect, that the amendment has added nothing to the section as it formerly stood. With this view we are unable to agree.

Before amendment the section did not undertake in any case to forbid the sale of foreign woodcock. Now it contains prohibitive words, and makes such sale or offering for sale unlawful, except under certain conditions. What is the exception? The words of the statute are: "except pursuant to the provisions of this section." Reading further in the section, we find provision made for the giving of a bond by one who desires to deal in foreign game, and this provision is, as we think, the provision contemplated by the amendatory words. As

we read the amended section, it was the purpose of the Legislature to forbid the sale of foreign grouse and woodcock, unless the person selling them or offering them for sale had given the bond for which provision was made by the later words of the section. This reading is certainly within the intention, as we think within the words of the statute.

If construed as the appellant contends it should be, the amendment would be useless and meaningless. It might, of course, happen that the Legislature, in attempting to amend the statute, would by use of inapt words really effect no change in the meaning of the statute, but upon the plainest principles we are not to give such a construction to an amendment, if the language used is open to a construction consonant with the evident purpose of the amendment. The amendment under consideration is open to a construction which will effectuate its purpose, and we cannot, therefore, give it a construction which will defeat that purpose.

Judgment affirmed with costs. All concur.