(117 App. Div. 170)

### PEOPLE v. STILLMAN et al.

(Supreme Court, Appellate, Division, First Department. January 25, 1907.)

1. GAME—KILLED IN ANOTHER STATE.
   In an action to recover penalties for selling grouse or partridge without having given the bond prescribed in Laws 1900, p. 27, c. 20, § 27, as amended by Laws 1905, p. 612, c. 335, plaintiff having made prima facie proof that partridges were sold, it was immaterial in what state the birds were killed.

2. SAME—SELLING AS AGENT.
   That defendants in selling game act as agents for a nonresident does not relieve them from liability as selling agents.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Game, § 7.]

3. TRIAL—NONSUIT—RIGHT TO NONSUIT—QUESTION FOR JURY.
   It is error to order a nonsuit when there is a question for the jury to determine.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 320.]

Appeal from Trial Term, New York County.

Action by the people of the state of New York against Horace E. Stillman and Augustus C. Lockwood. Judgment for defendants, and plaintiff appeals. Reversed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, HOUGHTON, and LAMBERT, JJ.

Robert C. Beatty and Selah B. Strong, for the People.
Francis A. Winslow, for respondents.

HOUGHTON, J. The action is to recover from the defendants penalties for selling grouse or partridges without having given the bond prescribed by section 27 of the forest, fish, and game law, chapter 20, p. 27, Laws 1900, as amended by chapter 335, p. 612, Laws 1905.

The defendants are engaged principally in the wholesale fish business. One of their salesmen received a box alleged to contain 17 partridges, which is claimed to have come from the state of Rhode Is-

land, and which was delivered to defendants' place of business. Immediately thereafter the box, with its contents, was delivered to a firm of poultry and game dealers, and a sales slip reading, "8-½pr Pats 2.25 per 19.12," was made out and on presentation by defendants the money was paid to them.

From the record it is apparent that there was no serious controversy on the trial that the box contained partridges. In any event, the plaintiff made prima facie proof that such was the fact, and it was immaterial whether the birds were killed in this state or in a foreign one. People v. Weinstock (decided herewith) 102 N. Y. Supp. 349.

The real issue litigated was whether the defendants were guilty of selling, individually or as agents, within the meaning of the statute. This question under the proofs was one for the jury to pass upon, and not for the court. The defendants' contention is that they did not sell the partridges, but that they merely acted as delivery and collecting agents for a brother-in-law of one of the defendants, who lived in Rhode Island and dealt in game birds. Whether, if this was all they did, it would be a justification to them or not, we do not feel called upon at this time to determine. On a retrial, which we conclude must be ordered, the jury may find that there was an actual sale by the defendants either as individuals or as agents for another, and this question thus be eliminated.

Of course, the fact that the defendants might have acted as agents for another who is a nonresident in making the sale could not relieve them from liability as selling agents. If it could, the statute would become practically inoperative, for sales would always be conducted in this manner. Even if the mere acting as delivery and collecting agent for a foreign seller does not render a person liable under the statute, which question we do not decide, still it is manifest that acting or claiming to act in that capacity cannot be used as a shield against the statute, or as a mere subterfuge to evade its penalties.

There being a question for the jury to determine, the nonsuit was error, and a new trial must be granted.

The judgment is reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.