The People of the State of New York, Respondent, v. Leon C. Weinstock, Appellant.

1. Penal Statute, How Construed. A highly penal statute will not be construed so as to spell out the creation of an offense which is not clearly indicated by the ordinary meaning of words used in its provisions.

2. Section 27 of the Forest, Fish and Game Law, as Amended, Construed. In cases where the bond therein prescribed has not been given, the possession of the game birds mentioned in section 27 of the Forest, Fish and Game Law, as amended by chapter 335 of the Laws of 1905, raises a presumption that they were taken within the state. This presumption may be overcome by showing the fact that they were not so taken.

*People* v. *Weinstock*, 117 App. Div. 168, reversed.

(Argued November 13, 1908; decided December 8, 1908.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 7, 1907, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury upon an agreed statement of facts.

The nature of the action and the facts, so far as material, are stated in the opinion.

*S. John Block* and *William Victor Goldberg* for appellant. The sale of foreign grouse was not prohibited by section 27 of the Forest, Fish and Game Law; the provisions of that act as to the filing of a bond created a rule of evidence

31

only, and not a prohibition. (*Carpenter* v. *People*, 8 Barb. 603; *Chase* v. *N. Y. C. R. R. Co.*, 26 N. Y. 523; *V. C. C. Co.* v. *Murtaugh*, 50 N. Y. 314; *Bonnell* v. *Griswold*, 80 N. Y. 128; *Game Assn.* v. *Durham*, 19 J. & S. 306; *People* v. *Hall*, 8 App. Div. 15; *People* v. *Gerber*, 92 Hun, 554; *People* v. *B. F. Co.*, 164 N. Y. 93; *People* v. *Bootman*, 180 N. Y. 1; *People* v. *Wolf*, 112 App. Div. 449.) The mere fact that the statute was amended furnishes no reason for a forced and strained construction to incorporate into it a meaning in conflict with its express terms. (*Hyatt* v. *Taylor*, 42 N. Y. 260; *May* v. *Bermel*, 20 App. Div. 56; *Munziger* v. *United Press*, 52 App. Div. 341; *Hasbrook* v. *Paddock*, 1 Barb. 636; *B. & U. R. R. Co.* v. *Robbins*, 22 Barb. 667; *Goodspeed* v. *I. S. Ry. Co.*, 184 N. Y. 354.)

*Robert C. Beatty, Frederic A. Burlingame* and *Selah B. Strong* for respondent. Section 27 of the Forest, Fish and Game Law, as amended in 1905, prohibits the sale of grouse and woodcock taken without the state, unless the bond specified in that section be first filed. (L. 1903, ch. 291; L. 1904, ch. 580; L. 1905, ch. 335.)

HAIGHT, J. This action was brought to recover penalties imposed by the Forest, Fish and Game Law of the state of New York for violations of its provisions. It appears from the facts agreed upon that the defendant sold in the borough of Manhattan during the open season, on the 16th day of November, 1905, six grouse, and that on the 24th day of November he also sold six grouse. It was further agreed that the grouse so sold were not taken within the state of New York nor within twenty-five miles of the state line and that the defendant had not given the bond specified in section 27 of the Forest, Fish and Game Law at the time of such sale. Thereupon, the trial court found as conclusions of law that the defendant was liable for two penalties, one for each sale, and to an additional penalty for each bird sold, amounting to $420, under the provisions of section 39 of that law.

Section 27 of the Forest, Fish and Game Law, as amended by chapter 335 of the Laws of 1905, provides that " Grouse and woodcock taken in this state shall not be sold or offered for sale within this state, or carried without the state, *nor shall grouse or woodcock taken without the state be sold or offered for sale within the state except pursuant to the provisions of this section.* Possession of grouse or woodcock by any person shall be presumptive evidence that they were taken in this state, provided that such presumption shall not attach to the possession of grouse or woodcock by any person who shall have given to the commissioner a bond to the People of the state, as hereinafter provided, approved by him as to form, amount and sufficiency of sureties, so long as the same shall be in force. The bond shall be for a specified time, and shall continue in force for that time unless sooner disapproved by the commissioner for breach of its conditions or failure of sureties. Such bond shall be conditioned that such person shall not knowingly have in his possession or sell, grouse or woodcock taken in this state, and shall contain such other provisions as to inspection of grouse or woodcock possessed by him, evidence that the same were taken without the state, by way of bill of sale, way bill or otherwise, and generally such requirements as the commissioner may deem necessary to secure the enforcement of this section ; nor shall presumption attach to possession of grouse and woodcock by any person purchasing the same for consumption from a person whose bond is in force as aforesaid. But no presumption that grouse or woodcock are possessed free from the presumption that they were taken in this state, as herein provided, shall arise in any action or legal proceeding until it affirmatively appears that the provisions of this section have been complied with. Any person violating any of the provisions of such bond shall be denied the privilege of giving another bond under this section."

The words italicized show the amendment that was made to chapter 291 of the Laws of 1903. It consequently appears that, under the former statute, no limitation was placed upon

the sale of grouse taken without the state other than that the possession of grouse shall be presumptive evidence that they were taken within the state unless a bond was given to the commissioner in accordance with the provisions of the act. The question now presented for determination is as to the effect that should be given to the amendment. The construction given to it by the learned Appellate Division is that it provides a penalty, not for the sale of grouse taken without the state, but for the failure to give the bond provided for. If this be so, then this anomaly in the construction of the statute arises: If a person is charged with the offense of selling grouse taken within the state the fact that he has not given a bond raises a presumption of fact that the grouse so sold were taken within the state and the burden is cast upon him of showing that they were taken elsewhere. But if he is charged with selling grouse taken without the state he is not liable to the penalties for making the sale, but is liable for his failure to give the bond. We do not think that this was the intention of the legislature. The purpose of the bond is plainly stated in the statute. It is, that the possession of grouse raises a presumption of fact that they were taken within the state, unless the bond prescribed has been given. The failure to give the bond casts upon the person charged the burden of removing the presumption by showing that the grouse were taken elsewhere. No further penalty is provided in the statute for the failure to give the bond. It is claimed that this construction of the statute would leave the amendment meaningless. While we think that the intention of the legislature might have been more clearly expressed, its purpose in making the amendment is apparent. As we have seen, the provision is that grouse taken without the state shall not be sold or offered for sale within the state "except pursuant to the provisions of this section." What are the provisions of the section that the legislature had in mind? Evidently those as to the inspection of grouse possessed by the dealer and the preservation of the "evidence that the same were taken without the state by way of bill

of sale, way-bill or otherwise" and the regulations of the commissioner with reference to disclosing such evidence to the inspector. The preservation and the exhibiting of such evidence by the dealer to the inspector enables the official to determine at once whether the dealer is complying with the provisions of the statute under which he is permitted to make sales of grouse taken without the state. It is true that this provision of the statute is required to be entered into the condition of the bond provided for, but that emphasizes the importance given to it by the legislature, and does not, in our minds, mitigate its force and effect.

The statute is highly penal, imposing a penalty for each transgression, a further penalty for each bird disposed of, and in addition it makes the person guilty of a misdemeanor. In construing such statutes we should not attempt to spell out the creation of an offense which is not clearly indicated by the ordinary meaning of the words used in its provisions. By these provisions the failure to give the bond raises a presumption that grouse found in the possession of any person were taken within the state. Nothing further. The presumption can be overcome by showing the fact that they were taken without the state. In this case there is no claim that the defendant did not preserve and exhibit to the inspector when called for the evidence mentioned in the statute. The facts, as we have seen, are conceded that the grouse sold were not taken within the state, and, consequently, no offense has been committed by the defendant for which a penalty could be imposed against him.

The judgment of the Appellate Division and that of the trial court should be reversed, and inasmuch as the facts have been agreed upon the complaint should be dismissed, with costs in all courts.

CULLEN, Ch. J., GRAY, VANN, WILLARD BARTLETT and HISCOCK, JJ., concur; CHASE, J., dissents on opinion of SCOTT, J., below, reported in 117 App. Div. 168.

Judgment reversed, etc.