HAMMEL STATION ESTATES, INC., Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, Queens County, May 1, 1945.

*Ignatius M. Wilkinson, Corporation Counsel (Charles C. Weinstein* and *Herbert Lasky* of counsel), for defendant.

*Neil M. Lieblich* for plaintiff.

HALLINAN, J. In an action to declare unconstitutional the building zone resolution (N. Y. City Zoning Resolution, eff. June 28, 1940, as amd.) insofar as it affects plaintiff's property, and to rezone it for unrestricted purposes, the defendant, the City of New York, moves to vacate plaintiff's notice, which seeks to take the depositions of the defendant by certain of its officials.

The only question raised by the City is whether public officials and employees of a municipal corporation may be examined before trial. It is urged that section 292-a of the Civil Practice Act is not applicable to this type of action; that said section permits a municipal corporation to be examined only in negligence actions arising out of the operation of a public utility; and that it was enacted for the specific purpose of permitting examinations in negligence actions arising out of the operation of the subway system taken over by the City upon the consummation of the unification agreement.

It was formerly held that municipal corporations could not be examined before trial. (*Rucker* v. *Board of Education*, 284 N. Y 346;. *Bush Terminal Co.* v. *City of New York*, 259 N. Y. 509; *Davidson* v. *City of New York*, 221 N. Y. 487.) By chapter 921 of the Laws of 1941 the Legislature enacted section 292-a of the Civil Practice Act, which became effective on May 1, 1941. By its terms a municipal corporation was allowed to be examined where the cause of action asserted against it arose out of its " * * * ownership, operation or maintenance of a public utility * * * or by such municipal corporation's transferor or assignor * * * ." However, said section was amended by chapter 830 of the Laws of 1942, effective September 1, 1942. It eliminated from the original statute matter hereinafter shown in brackets and added matter hereinafter italicized: " § 292-a. ORDER FOR TAKING TESTIMONY OF [MUNICIPAL] *Public* CORPORATION [IN CERTAIN CASES]. Where a [cause of action is asserted against a municipal corporation arising out of the ownership, operation or maintenance of a public utility by such municipal corporation or by such municipal corporation's transferor or assignor,] *public corporation is a party to an action, or an original owner of a claim as provided in section two hundred and eighty-eight of this act,* the court may, in its discretion, upon motion made upon notice, order that the testimony of one or more of the officers, *agents* or employees of such [municipal] *public* corporation, which is material and necessary, be taken by deposition. Any such examination granted in a negligence action shall not be limited so as to prevent or restrict the inquiry concerning the facts of negligence, liability or damages."

The limitation of the 1941 statute that it was applicable only to causes of action asserted against a municipal corporation arising out of its or its assignor's ownership, operation or maintenance of a public utility was thus eliminated in the statute now in force. The change effected by this revision is significant and cannot be ignored. (Cf. *Loos* v. *City of New York*, 257 App. Div. 219.) It is evident that it was intended by the Legislature to permit the courts to grant examinations before trial in *all cases* where a public corporation is a party to an action whether or not it arose out of ownership or operation of a public utility or of a rapid transit railroad system (see Third Annual Report of N. Y. Judicial Council, 1937, p. 253, and Eighth Annual Report of N. Y. Judicial Council, 1942, pp. 374, 376). Otherwise the language of limitation would not have been eliminated in the amended statute. It is well settled that the Legislature will be presumed to have intended to effect a

material change in a statute when it amends it; otherwise the amendment would be meaningless. (*People ex rel. Sheldon* v. *Board of Appeals*, 234 N. Y. 484, 495; *People* v. *Weinstock*, 117 App. Div. 168; *People ex rel. Barnes* v. *Warden of Workhouse*, 127 Misc. 224.)

The last sentence found in both the 1941 statute and the 1942 amendment does not limit its application to negligence cases. As stated on page 376 of the Eighth Annual Report of the Judicial Council (1942) '' This provision was enacted specifically to circumvent the conflict prevailing among the various departments regarding depositions in negligence actions   *   *   * .''

The motion to vacate plaintiff's notice of examination as a matter of law must be denied. The notice must, however, be modified so as to limit the examination to facts and eliminate therefrom matters of public record and conclusions of either law or fact. Accordingly, the court in its discretion will allow examination of the defendant by the engineer in charge of the Topographical Bureau of the Borough of Queens in respect to items 1 and 3, and item 2 eliminating all language in the first and second lines thereof, ending with the word '' purposes '' in the third line. The remaining items will be eliminated from the notice of examination. The examination will take place in the office of the said engineer so as to facilitate access to records which the witness may require to refresh his recollection, and eliminate any loss of time which might be incident to his examination elsewhere. The parties will agree on the time of such examination in the order which is to be settled on notice.