VITO W. PUMILIA, Plaintiff, *v.* LAURA V. PUMILIA, Defendant.
Supreme Court, Special Term, Queens County, May 18, 1945.

*Crisona & Murphy* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel (William J. Fleming* of counsel), for Kings County Hospital.

HALLINAN, J. Motion to examine Kings County Hospital before trial, as a witness in this divorce action, denied. Aside from the fact that I do not deem the limited examination here sought necessary, in view of the defendant's attitude as evidenced by her " waiver " sworn to May 7, 1945, the institution sought to be examined by its superintendent is owned by a municipal corporation and operated by its Commissioner of Hospitals. I do not see how such a hospital can be examined before trial as a witness.

Formerly there was no authority to examine before trial either as a party or otherwise, any municipal corporation, its agencies, departments or employees. By section 292-a of the Civil Practice Act, as amended, authority to permit such an examination was granted " Where a public corporation is a *party* to an action, or an *original owner* of a claim * * *." (Italics supplied.) (See *Hammel Station Estates* v. *City of New York,* 184 Misc. 859.)

Here the City of New York, which owns the Kings County Hospital, is neither a party to this action nor the original owner of a claim. Hence there is no statutory authority for the examination. Settle order.