Joseph Life, J.
An employer, Central General Hospital, by a petition and notice of motion dated August 5, 1969, moved pursuant to CPLR 7503 (subd. [b]) to stay an arbitration under a collective bargaining agreement. The motion which had a *448 return date of August 25, 1969 did not of itself operate as a stay as would have been the case under subdivision 2 of section 1458 of the Civil Practice Act. That section contained the following language: “ The arbitration hearing shall be adjourned upon service of such notice of motion pending the determination of the motion.” However, it was omitted from CPLR 7503 for reasons which we have not been able to determine. Petitioner did not move, by order to show cause containing a stay as it might have done.
The notice of intention to arbitrate was dated July 28, 1969 and did not .set forth the matters which were to be the subject of the arbitration. Nevertheless, since arbitration was demanded it meets with the terms of the collective bargaining agreement (Oct. 11, 1968, par. 9) that it would “be sufficient if it states that a grievance or dispute exists between the parties ”. Certainly the request for arbitration was tantamount to a statement that a grievance or dispute existed. In addition, on August 5, 1969, Local 1115, in a reply to a letter of August 1, 1969 from the attorneys for the hospital which had been addressed to the arbitrator, set forth in detail the issues which the union sought to arbitrate. On July 29, 1969 the designated arbitrator forwarded to the parties -a notice of hearing to be held on August 12, 1969, at a designated hour and place. The hearing was then rescheduled for August 15, August 20, and finally 'September 3 when the hearing was held. The petitioner did not attend, its attorneys having written that a motion for a stay was pending and that the petitioner would not participate in the proceedings. Meanwhile the motion for the stay which was returnable here August 25, 1969 was adjourned on four occasions until it was finally submitted on September 18, 1969. The arbitration not having been stayed, it proceeded in the absence of the petitioner and a determination was rendered September 9, 1969. Thus when the hospital’s application to stay the arbitration was heard, it was academic, since the arbitration had proceeded to a conclusion.
While the motion for the stay was pending in this court the union (respondent here) moved in New York County Supreme Court to confirm the award. That, application has been referred here by an order of Mr. Justice Jacob Grumet made October 20, 1969.
The notice of intention to arbitrate (July 28, 1969) did not contain the statement to the effect that unless the recipient moved to stay the arbitration within 10 days from the receipt of the notice he would be precluded from objecting that valid agreement was not made or had not been complied with as set *449 forth in CPLR 7503 (subd. [o]). Thus, while the motion made by the petitioner was ineffective to stay the arbitration petitioner may still be heard to object to the validity of the agreement or urge that it had not been complied with (Matter of Kandler [O’Connor], 18 Misc 2d 109, 111). No such argument was made either on petitioner’s motion to stay the arbitration nor in its“t>pposition to the local’s motion to confirm the award nor has it asked that the award should be vacated or modified (CPLR 7511) even if there were to exist a basis for such action.
Since the motion for a stay did not operate itself to effect a stay of the arbitration proceeding and Central General failed to attend and nothing has been offered by way of an application to vacate or modify the award, this court is constrained to grant judgment to the local confirming the arbitrator’s award. This decision is arrived at reluctantly because it denies to petitioner an opportunity to be heard but no other path appears to be open nor to have been suggested to the court.
Settle one judgment on notice denying the application for a stay and confirming the award of the arbitrator.
(On Reargument, December 11, 1969.)
Upon the foregoing papers it is ordered that this motion for reargument is granted and upon such reargument the court adheres to its original decision. As this court has heretofore indicated it does not have the power to relieve the petitioner of its default in the arbitration proceeding as a result of petitioner’s misinterpretation of the law. Though a procedural mistake could provide a basis for opening a default judgment, it is not one of the grounds for vacating an award in arbitration (CPLR 7511; cf. Matter of Couture Fabrics [Dee, Inc.], 20 Misc 2d 399). Furthermore, a party may not “ prevent the rendition of a binding award by his default. Every award rendered in compliance with all legal requirements is a complete, final and binding determination of a controversy which may not be disturbed, unless the statutory grounds for doing so exist.” (Matter of Springs Cotton Mills [Buster Boy Suit Co.], 275 App. Div. 196, 199.) The court’s powers in arbitration matters are of a limited nature. The arbitration having been completed the application for a stay was academic when it was heard and the court cannot relieve the petitioner of its default. Nothing has been offered which would permit this court to alter its prior determination. The court should have the power to act in a situation such as we encounter here. However, this is a matter of legislative concern. A judgment should be settled on notice denying the application for a stay and confirming the award of the arbitrator.