■ AHERN PAINTING CONTRACTORS, INC., Respondent, v DISTRICT COUNCIL OF NEW YORK CITY & VICINITY OF THE UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA, AFL-CIO, Appellant.—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the appeal is from a judgment of the Supreme Court, Queens County (Graci, J.), dated August 17, 1987, which granted the application and directed arbitration de novo before a different arbitrator.

Ordered that the judgment is reversed, on the law, with costs, and the arbitration award is confirmed.

By a notice of petition returnable on or about May 5, 1987, the petitioner herein applied for a stay of arbitration; however, it did not seek any temporary restraining orders. On May 14, 1987, the day scheduled for the arbitration hearing, the arbitrator proceeded with the hearing despite the absence of the petitioner. There is no evidence in the record that a copy of the petitioner's application for a stay had ever been served upon the arbitrator, nor is there any evidence that the petitioner requested an adjournment of the hearing pending a determination of its application. Four days later, while the application was still pending before the court, the arbitrator made an award of $28,850 in favor of the appellant.

The petitioner, in seeking to vacate the award against it entered upon its default and to have the arbitrator removed for misconduct, argues that the filing of the notice of petition to stay the arbitration required the arbitrator to adjourn the hearing. We disagree. Unlike former Civil Practice Act § 1458 (2), CPLR 7503 (b) does not contain a proviso to the effect that a petition to stay arbitration, in and of itself, acts as a stay of the arbitration until the petition is decided *(Central*

*Gen. Hosp. v Local 1115 Nursing Home,* 61 Misc 2d 447). It is well settled that the Legislature will be presumed to have intended to effect a material change in a statute when it amends it. Otherwise the amendment would be meaningless (McKinney's Cons Laws of NY, Book 1, Statutes § 193; *Hammel Sta. Estates v City of New York,* 184 Misc 859). Clearly, the petitioner could have, and should have, made an application to temporarily stay the arbitration pending disposition of the application to permanently stay the arbitration. It failed to do so.

In the absence of express language in CPLR 7503 indicating that a notice of petition to stay arbitration by itself operates as a stay, the arbitrator was free to proceed. Accordingly, his award was not a product of misconduct and is confirmed. Mollen, P. J., Lawrence and Balletta, JJ., concur.

Weinstein, J., dissents and votes to affirm the judgment appealed from, for reasons stated by Justice Graci at the Supreme Court.