■ In the Matter of MATERIAL DAMAGE ADJUSTMENT CORP. et al., Appellants, v PIERRE L. ELIPHENE et al., Respondents. [690 NYS2d 601] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated April 8, 1998, as, upon reargument of a prior order of the same court, dated January 5, 1998, denying their motion to vacate an arbitration award, adhered to the original determination.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioners waived their contention that the arbitrator exceeded her power by proceeding with arbitration where coverage was disputed by failing to assert it either in their petition for a stay or in their motion to vacate the arbitration

award (*see, Matter of Silverman [Benmor Coats],* 61 NY2d 299, 309). In any event, the policy issued by the petitioners explicitly allows the issue of coverage to be determined by arbitration where the parties fail to agree.

The Supreme Court properly denied the petitioners' motion to vacate the arbitration award. The question of whether the arbitration hearing was held in violation of the American Arbitration Association (hereinafter the AAA) rule concerning the suspension of arbitration where a motion contesting coverage is filed within 30 days, was one for the arbitrator to decide to the extent that this rule is incorporated by reference into the parties' arbitration agreement (*see, Matter of Kingsley v Redevco Corp.,* 61 NY2d 714).

Although the petitioners commenced a proceeding in the Supreme Court to stay arbitration, they never obtained a temporary restraining order to prevent the arbitration from proceeding pending its determination. As a result, the petition did not require the arbitrator to adjourn the hearing, and the arbitration award was not the product of misconduct (*see, Ahern Painting Contrs. v District Council,* 141 AD2d 791). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.