■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PARSONS, Appellant. — Judgment, Supreme Court, New York County (Davis, J.), rendered January 10, 1980 convicting defendant upon his plea of guilty of attempted robbery in the third degree and sentencing him as a second felony offender to a term of 1½ to 3 years, is affirmed. The question that divides the court relates to the authentication of the record of defendant's prior conviction

in the Puerto Rican court as evidence of a predicate felony requiring a second felony offender sentence in the New York State court. The record of conviction is obviously a record of the Puerto Rico Superior Court bearing the seal of the court and stating the defendant's conviction on a plea of guilty with appropriate recitals, signed by a Judge and by a *"secretario,"* obviously a clerk,[*] with a stamp certifying that the document is a true and faithful copy of the original which appears in the record and is issued for official use for the New York court, signed by another clerk, and apparently some assistant clerks. The objection is that CPLR 4540 (subd [c]) requires in the case of a certification of an officer in another jurisdiction that it shall be accompanied by a certificate that that officer has legal custody of the record, and that his signature is believed to be genuine, which certificate should be made by a Judge of a court of record, i.e., an "exemplified" copy. This boot-strap requirement that the clerk certify that the document bearing this seal of the court and signed by the Judge is genuine, and that the Judge certify that the clerk is the custodian and that his signature is genuine, is obviously highly technical. The superfluity of this technicality is recognized in modern developments in the law of evidence. Thus both subdivision (1) of rule 902 of the Federal Rules of Evidence and section 902 (subd [a], par [1], cl [C]) of the New York Proposed Code of Evidence (1980) dispense with the requirement of extrinsic evidence of authenticity with respect to documents under official seals of various sister governments, including the Commonwealth of Puerto Rico. (Indeed even with respect to certain foreign public documents requiring more elaborate authentication, subdivision [3] of the Federal rule 902 and section 902 [subd (a), par (3)] of the proposed code both provide that if reasonable opportunity has been given to investigate the authenticity and accuracy of the documents, the court may for good cause shown permit the documents to be received without final certification.) The Puerto Rican authorities are presumably more familiar with the Federal Rules of Evidence than they are with the peculiar requirements of the New York statute. The document is in a form which would be admissible under both the Federal Rules and the New York Proposed Code. It is quite customary, even under New York's present rules, where there is no real question of authenticity of the documents, for attorneys to permit the use of documents not authenticated to the last iota of the statutory requirement. Thus office copies of letters are frequently received in evidence; certified but not exemplified copies of out-of-State documents and of notarial certificates, etc., are frequently received without objection. In the present case, when these documents were first offered in evidence, the defendant's attorney stated that he had no objection, and the documents were received in evidence. Six weeks later, at the next session of the predicate felony hearing, the attorney raised the objection of failure to comply with CPLR 4540 (subd [c]). But as the documents had already been received in evidence, the court refused to strike them. The District Attorney specifically asked whether there was any good faith basis for saying that the signatures were not genuine. Defendant's attorney did not suggest that they were not. (Even now there is no such suggestion.) Once the documents had been received in evidence without objection, it was discretionary with the court whether to permit the defendant to withdraw his waiver of objection or to strike the documents. In the absence of any hint that the documents were not genuine, we do not think it was an abuse of discretion for the court to refuse to permit the defendant to object to the documents or to refuse to strike them six weeks after they had been received in evidence without objection. The provision of CPL 470.05 (subd 2)

---

[*] Velàsquez, Spanish & English Dictionary (Follett, 1966): *"Clerk of a court of justice...secretario de tribunal."*

referred to by our dissenting brother is merely a definition of how "[f]or purposes of appeal, a question of law * * * is presented"; it is not a limitation on the discretion of the trial court. Nor is the question one of proof beyond a reasonable doubt; if the document was properly retained in evidence, there was proof beyond a reasonable doubt. The question is more properly one of the trial court's discretion to refuse to permit the withdrawal of a waiver of objection, and to refuse to strike documents received in evidence without objection, as to which the rule is the same in both civil and criminal cases. The defendant pleaded guilty on February 14, 1979. He was sentenced on January 10, 1980. Thus it is now two and one-half years since the plea of guilty. Dispute about this pointless technicality has delayed the progress of the case and the due application of the appropriate criminal sanctions long enough. Concur — Markewich, J. P., Lupiano and Silverman, JJ.

Bloom and Fein, JJ., dissent in a memorandum by Fein, J., as follows. Fein, J. (dissenting). It is undisputed that at the predicate felony hearing, the documentation of defendant's purported prior conviction of robbery in Puerto Rico was not authenticated, as required by CPLR 4540 (subd [c]). The certificate of conviction relied upon is in Spanish. It appears to have been certified or attested to by a *"Secretario"* and *"Secretario Auxilar"*, translated by the interpreter as "Secretary Aide, Felicito". It lacks a certificate under seal that the attestor was the legal custodian of the record and that the appended signature was genuine, as is required by CPLR 4540 (subd [c]). By reason of the absence of such certificate, there was a failure to prove that the defendant was a predicate felon *(People v Gonzalez,* 64 AD2d 534). The objection to admission of the certificate, although not made until the adjourned hearing, was timely. There was and is an opportunity to cure the defect (CPL 470.05, subd 2). At a predicate felony hearing the People must prove that "the defendant has been subjected to a predicate felony conviction" "based upon proof beyond a reasonable doubt by evidence admissible under the rules applicable to a trial of the issue of guilt." (CPL 400.21, subd 7.) The majority finds a waiver, although the prosecution makes no such claim, conceding that the certificate was not admissible under the statute because it was not properly authenticated. The record does not spell out a waiver. When the issue first arose, the court stated: "I accept this. I take judicial notice this is a duly entered Certificate of Puerto Rico, notwithstanding what you have shown me." When the District Attorney observed that the certificate had been introduced in evidence at the prior session without objection, the following ensued: THE COURT: "Without objection and that's why I am taking it." MR. GOLDBERG: "Judge, if I may just be heard as to the waiver issue that the People are referring to now." THE COURT: "What waiver, what waiver?" MR. GOLDBERG: "I believe the People are suggesting to the Court that I had waived the objection." THE COURT: "No, no, what he is saying is that's in evidence. That's why I am taking it." When the court's attention was called to CPL 470.05 (subd 2) providing an opportunity to interpose a belated objection when the error can still be corrected, the court stated: "Mr. Goldberg, I don't find an error. It's in evidence before me. You are not making application to expunge it now from evidence. If you are, I'm denying it. It's in evidence. It went in by consent or without objection." There was a further exchange in which the District Attorney asserted defense counsel was "using dilatory tactics", to which the court responded: "No, he is using — Mr. Katz, he is using technicalities. He has a legal right to do it. I am really not interested in your interpretation of that. Let's get to the next thing. You have the burden of proving it beyond a reasonable doubt. That's what interests me. I'm not interested in anything else, dilatory tactics or anything." Plainly the court was ignoring the requirements of CPLR 4540 (subd [c]). It may well be that this is highly technical, as the majority contends. The same

argument would apply had the objection been made when the document was first offered. The majority appears to suggest that even then the objection could properly have been overruled because of its technical nature. There is no authority supporting this conclusion. The majority's contentions are better addressed to the Legislature than to the determination of this case. Neither the Federal Rules of Evidence nor the New York *Proposed* Code of Evidence are applicable in the face of the statute as written and hitherto applied. The assertion that other defendants or their attorneys have ignored or waived the requirement is irrelevant. To this defendant the difference is between a sentence of five years' probation and a sentence of 1½ to 3 years in prison. The People had an obligation and an opportunity to obtain and introduce a properly authenticated certificate of conviction. On remand the People should have the opportunity to overcome, if possible, the deficiency in the proof of the prior felony conviction.