OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
On August 26, 1981, the American Arbitration Association (AAA) mailed to respondent a notice that its dispute with petitioner would be the subject of an arbitration hearing to be held on October 2, 1981. On two subsequent occasions, the AAA again reminded respondent, by letters dated September 25 and September 30, 1981, that the hearing would proceed on October 2 as scheduled.
Nevertheless, respondent failed to appear at the hearing without requesting either an adjournment or a continuance. Having been provided adequate notice of and an opportunity to be heard at the hearing, respondent’s claim that it was deprived of due process is without merit. (Silverstein v Minkin, 49 NY2d 260, 263; Mullane v Central Hanover Trust Co., 339 US 306, 314.) That various temporary stays were issued but expired or were withdrawn prior to the commencement of the hearing does not alter the fact that respondent failed to either request an adjournment or attend the hearing despite having been afforded an opportunity to do both.
Respondent also claims that the hearing was held in violation of AAA rule number 21 which requires the AAA to mail to each party notice of the hearing at least five days in advance. Inasmuch as this rule was incorporated by reference into the parties’ agreement via a broad provision providing for arbitration of all disputes and controversies, the question whether the rule was complied with is one for the arbitrators to decide and is not subject to review by this court. (See Matter of United Nations Dev. Corp. v Norkin Plumbing Co., 45 NY2d 358, 363.) To be distinguished is the case where a party asserts a claim that the notice requirements of CPLR 7506 (subd [b]) were not satisfied. In such cases, the court is authorized to review the claim. (CPLR 7511, subd [b], par 1, cl [iv]; see, also, Matter of PPX Enterprises [Ducale Edizione Musicali], 42 NY2d 897.)
*716 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.