■ In the Matter of ALBERT THOMAS, Petitioner, v NEW YORK STATE BOARD OF PAROLE et al., Respondents. [617 NYS2d 309] —Determination of respondent Board of Parole dated July 16, 1991, affirming a finding, after an administrative hearing, that petitioner violated the terms of his parole, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Joan Lobis, J.], entered on or about July 24, 1992) dismissed, without costs.

Although the Maryland Order for Probation does not strictly comply with the provisions of CPLR 4540 (c), which requires certification under seal or exemplification, the Hearing Officer did not abuse her discretion in admitting this document on the ground of its apparent authenticity, including the outline of a seal and the "true copy" stamp of the Administrative Clerk of the District Court of Maryland on the court-generated non-jury trial report submitted with the Order and memorializing the conviction for which the sentence of probation was imposed *(see, People v Parsons,* 84 AD2d 510, *affd* 55 NY2d 858). Moreover, the Parole Violation Reports entered into evidence constituted sufficient evidence to sustain the determination to revoke parole *(People ex rel. McGee v Walters,* 62 NY2d 317, 321). Concur—Wallach, J. P., Asch, Rubin and Williams, JJ.