■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERIC C. CARPENTER, Appellant. [717 NYS2d 740] —Mercure, J. P. Appeal from a judgment of the County Court of Cortland County (Avery, Jr., J.), rendered June 15, 1999, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was convicted in Supreme Court, New York County, of criminal possession of a controlled substance in the fourth degree and sentenced to a five-year period of probation. Supervision of his probation was subsequently transferred to Cortland County. Following his arrest on charges arising out of an alleged sexual assault of his wife, defendant was charged with violating the conditions of his probation. At the violation hearing, the People focused exclusively on defendant's violation of the condition of his probation that prohibited him from using illegal drugs. Defendant was found guilty of the violation, his probation was revoked and he was sentenced to a term of imprisonment of 4 to 12 years.

Relying on the questions asked of witnesses by County Court and what defendant describes as the court's "blistering commentary" at sentencing, defendant claims that the court was biased against him and had prejudged his guilt. A review of the record of the hearing discloses no basis for the claim. The questions asked by the court were neither excessive nor prejudicial and prompted no objection from defendant, who was represented by counsel. While the court's commentary clearly evinced the court's belief that defendant was guilty of violating the conditions of his probation, the commentary came only after defendant had been found guilty. There is nothing in the commentary to demonstrate that the court had formed any such conclusion before the hearing was completed. The record demonstrates that defendant was accorded a fair hearing and the evidence of his guilt was overwhelming.

We also reject defendant's claim that the sentence, which was within the statutory parameters, was harsh and excessive (*see, People v Murphy*, 257 AD2d 766, *lv denied* 93 NY2d 876). Nor do we find any extraordinary circumstances warranting a reduction of the sentence in the interest of justice. In this regard, we are not persuaded that by referring to defendant as "a danger to all, when you are on the streets of this city," County Court demonstrated that defendant was being punished for the pending sexual assault charges. There was evidence at the hearing that, in addition to testing positive for cocaine on one occasion, defendant admitted to spending a day smoking crack cocaine and then driving a motor vehicle to obtain more

cocaine. The court justifiably noted the danger to the community inherent in such conduct.

Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.