■ PAULA S. SPARACO, Respondent, v JOHN R. SPARACO, Appellant. [765 NYS2d 683] —Spain, J. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered November 6, 2002 in Otsego County, which vacated a stay of execution of a foreign judgment.

In this action challenging the entry of a Michigan judgment in New York, defendant alleges several procedural defects. After that foreign judgment was entered in Otsego County awarding plaintiff alimony arrears due under a divorce entered in Michigan, Supreme Court granted defendant a stay of the disbursement of funds but subsequently vacated the stay, prompting this appeal by defendant.

We affirm. First, defendant asserts that the Michigan judgment should not have been entered in New York because the requirements of CPLR 4540 were not met. For authentication of a copy of an official court record such as the judgment at issue here, that statute requires the copy to be "attested as correct by an officer or a deputy of an officer having legal custody of [the] official record" (CPLR 4540 [a]). Further, "[w]here the copy is attested by an officer of another jurisdiction, it shall be accompanied by a certificate that such officer has legal custody of the record, and that the [officer's signature] is believed to be genuine, which certificate shall be made by a judge of a court of record of the district or political subdivision in which the record is kept" (CPLR 4540 [c]).

Here, the attestation, made by the deputy clerk of the Michigan court on behalf of the clerk of that court on a court form entitled "CERTIFICATION OF RECORDS/ATTESTATION OF EXEMPLIFIED COPIES," states that the clerk of the court is the custodian of records of the court, that she has compared the attached copy of the money judgment to the original on file at the court

and that the copy of the judgment is a true copy of the original. On the same page, a judge of the court certifies "that the above attestation is in proper form and that the signature is genuine." We find that the requirements of CPLR 4540 were met and the judgment was properly authenticated. The clerk's attestation that the judgment is a true copy of the original is sufficient to meet the requirement that the copy be attested "as correct" (CPLR 4540 [a]). Defendant's suggestion that the attestation must speak to the validity of the judgment is unpersuasive. The certificate of attestation is only required when a copy is used rather than the original official publication (see CPLR 4540 [a]; *People v Sykes,* 225 AD2d 1093 [1996], *lv denied* 88 NY2d 942 [1996]). Thus, the reasonable interpretation of the requirement that the clerk certify the copy "as correct" is that it is satisfied by an assertion that it is a true copy of the original.

Moreover, although the certification of the judge does not expressly state that the attesting clerk has legal custody of the record, the judge's certification that the attestation is in proper form immediately follows, on the same page, the clerk's certification that she is the custodian of the court's records. Under these circumstances, we discern no error in Supreme Court's decision to accept the document as authentic based upon substantial compliance with the statutory requirements (see CPLR 4540 [c]; *People v Parsons,* 84 AD2d 510, 511 [1981], *affd* 55 NY2d 858 [1982]; *Matter of Thomas v New York State Bd. of Parole,* 208 AD2d 460 [1994]).

Next, defendant asserts that plaintiff's CPLR 5402 judgment creditor affidavit is deficient in that it contains only an acknowledgment by a notary public, rather than a jurat containing an oath or swearing provision. CPLR 5402 requires an affidavit or sworn statement (see Siegel, NY Prac § 205, at 324 [3d ed]). Plaintiff's affidavit begins, "I, Paula S. Sparaco, a competent adult who can testify with personal knowledge about the matters contained herein, *being sworn*, say as follows" (emphasis added). The affidavit is signed by plaintiff and duly notarized, but the notary's jurat omits the customary "[s]worn to before me" language (see Siegel, NY Prac § 205, at 325 [3d ed]), stating simply that "[t]he foregoing instrument was acknowledged before me." Under these circumstances, we hold that Supreme Court, finding no prejudice to defendant, did not err by accepting plaintiff's affidavit despite the omission of any oath or swearing language in the jurat (see CPLR 2001; *Matter of Cliff v Kingsley,* 293 AD2d 954, 955 [2002]; *Matter of WNYT-TV v Moynihan,* 97 AD2d 555, 556 [1983]; *see also Collins v AA Trucking Renting Corp.,* 209 AD2d 363 [1994]).

Further, plaintiff's apparent failure to include with her affidavit the certificate authenticating the authority of the one administering the oath which should accompany an out-of-state affidavit (*see* CPLR 2309 [c]) is not a fatal defect (*see Nandy v Albany Med. Ctr. Hosp.,* 155 AD2d 833, 834 [1989]; *Raynor v Raynor,* 279 App Div 671 [1951]). Defendant has not disputed the authority of the notary or the veracity of the statements in the affidavit nor has he demonstrated any prejudice resulting from the defect. Accordingly, we reject defendant's argument that Supreme Court was required to reject plaintiff's affidavit for failure to include the CPLR 2309 certification.

Finally, defendant points out that plaintiff failed to comply with the service requirements of CPLR 5403, pursuant to which plaintiff was obligated to mail notice of filing of the foreign judgment to defendant within 30 days of the filing (*see* CPLR 5403). Plaintiff apparently served copies of her affidavit and the certification of records on defendant within the allotted time, but did not specifically state in the notice that the judgment had been filed in New York. Nevertheless, the nature and content of the documents sent to defendant and defendant's prompt action thereafter seeking a stay make it clear that he was actually aware that the Michigan judgment had been filed in New York. Where, as here, no prejudice has resulted to defendant from this technical violation of CPLR 5403, Supreme Court did not err in rejecting plaintiff's objection to the service as a defense to enforcement of the Michigan judgment (*see Shine, Julianelle, Karp, Bozelko & Karazin v Rubens,* 192 AD2d 345, 346 [1993], *lv dismissed* 82 NY2d 778 [1993], *cert denied* 511 US 1142 [1994]).

Crew III, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.