■ B.B.Y. DIAMONDS CORP., Respondent, v FIVE STAR DESIGNS, INC., et al., Appellants. [775 NYS2d 34]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered September 23, 2002, which denied defendants' motion for an order granting renewal of an order (same court and Justice), entered July 12, 2001, denying defendant Sharon Haymov's motion for an order dismissing the complaint against her and granting plaintiff's cross motion for summary judgment against defendants, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, defendants' motion to renew granted and, upon renewal, plaintiff's cross motion for summary judgment denied on condition that, within 30 days of service of a copy of this order with notice of entry, defendants' attorneys pay plaintiff $1,000 in costs.

The court improvidently exercised its discretion in denying defendants' motion to renew defendant Sharon Haymov's motion to dismiss the complaint against her. In support of the motion to dismiss and in opposition to plaintiff's cross motion for summary judgment, defendant submitted an affidavit of defendant Isaac Haimoff that was not notarized. On their renewal motion, defendants submitted a redated and now notarized affi-

davit and an affirmation from counsel explaining that in preparing the papers on the prior motion he "must have overlooked the fact that the affidavit was not notarized" (*see* CPLR 2221 [e] [2], [3]). This excuse for failing to notarize the affidavit is supported by a comparison of the two affidavits in the record. But for the earlier date and the blank signature line in the notary block on the earlier submitted affidavit, the affidavits are identical.

Renewal may be granted where the failure to submit an affidavit in admissible form was inadvertent and there is no showing by the opposing party of any prejudice attributable to the delay caused by the failure (*see Cespedes v McNamee*, 308 AD2d 409, 410 [2003]). Defendants' failure was demonstrably inadvertent and plaintiff has failed to show any prejudice. Thus, upon renewal, summary judgment to plaintiff should have been denied.

Nevertheless, we find it appropriate to impose on defendants' attorneys a penalty, as indicated. Concur—Nardelli, J.P., Tom, Mazzarelli and Ellerin, JJ.