■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVA BUCHNER, Appellant. [819 NYS2d 128]—Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered September 13, 2005, which revoked defendant's probation and imposed a sentence of imprisonment.

During a search of the home that defendant shared with her

husband, police found bags of heroin, a digital scale, computers, drug-related paperwork and over $47,000 in cash. Defendant was subsequently indicted for a class B drug felony and pleaded guilty to the reduced charge of criminal possession of a controlled substance in the fourth degree, a class C felony. She was sentenced to five years of probation. Thereafter, she was charged with violating the terms of her probation and pleaded guilty to these charges. In exchange, sentencing was adjourned pending defendant's completion of a detoxification program and entry into an inpatient rehabilitation facility. When defendant prematurely left the rehabilitation facility, a warrant was issued for her arrest. After she was apprehended, her probation was revoked and she was sentenced to four years in prison, to be followed by two years of postrelease supervision. Defendant appeals.

We find no merit to defendant's contention that the sentence imposed by County Court is harsh and excessive. The record discloses that defendant received the benefit of pleading to a reduced charge, as well as the benefit of the joint recommendation of the prosecution and defense that she be sentenced under the amendments to the Rockefeller Drug Laws (*see* Penal Law § 70.70 [2] [a] [ii]), which exposed her to much less prison time than she would otherwise have faced upon being convicted of the indicted class B felony. In view of this, as well as her violation of a number of the conditions of her probation, we find no extraordinary circumstances warranting a reduction of defendant's sentence in the interest of justice (*see generally People v Peterson*, 7 AD3d 882, 883 [2004]; *People v Carpenter*, 278 AD2d 672, 672 [2000], *lv denied* 96 NY2d 798 [2001]; *see also People v Dabbs*, 178 AD2d 848, 849 [1991], *lv denied* 79 NY2d 946 [1992]).

Cardona, P.J., Crew III, Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.