■ RICHARD MOCCIA, Respondent, v CARRIER CAR RENTAL, INC., et al., Appellants. [837 NYS2d 67]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 24, 2007, which, in an action for personal injuries sustained when plaintiff was struck by defendants' vehicle, granted plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion denied.

The affidavit submitted by defendants of a nonparty witness to the accident giving rise to this action raises a triable issue of fact as to plaintiff's comparative negligence. Plaintiff, however, raised a timely objection to the form of this affidavit, asserting that it did not comply with CPLR 2309 (c) and challenging the authority of the notary (cf. Sparaco v Sparaco, 309 AD2d 1029 [2003]). Such a defect in the form of the affidavit can be corrected nunc pro tunc (Nandy v Albany Med. Ctr. Hosp., 155 AD2d 833 [1989]; Raynor v Raynor, 279 App Div 671 [1951]; Siegel, NY Prac § 388 [4th ed]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2309:3; see Sparaco, supra). Defendants' attorney has submitted the original of the out-of-state, nonparty witness affidavit submitted in opposition to the motion bearing a notary seal, together with the appropriate certification, and complying with the oath

formalities of CPLR 2309 (c) (*cf. B.B.Y. Diamonds Corp. v Five Star Designs*, 6 AD3d 263 [2004]). Concur—Friedman, J.P., Sullivan, Sweeny, Catterson and McGuire, JJ.