OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
Petitioner MBNA America Bank, N.A., commenced a proceeding pursuant to CPLR article 75 to confirm an arbitration award rendered in its favor. Although respondent defaulted both at the arbitration proceeding and in the instant proceeding, the court below declined to confirm the arbitration award, based upon petitioner’s failure to provide proof that timely written notice of the time and place of the arbitration hearing was delivered to the respondent, in accordance with CPLR 7506 (b).
The parties had entered into a credit card agreement which included a provision that any controversy or claim arising out of the agreement would be settled via binding arbitration in accordance with the rules of the National Arbitration Forum (NAF) under its Code of Procedure in effect at the time the claim was filed. Rule 6 (A) of the Code of Procedure requires petitioner to serve on the respondent a copy of the “Initial Claim Documents . . . together with a Notice of Arbitration.” Rule 7 (A) provides that the filing of proof of service with NAF constitutes a certification that service conforms to rule 6. Rule 7 (C) provides that where no response has been filed after proof of service has been filed with NAF, “the Forum shall mail to Respondent the Second Notice of Arbitration.” Rule 5 (B) provides that if there is no timely response, the arbitration proceeds in accordance with rule 36, which governs the conduct of the arbitration proceeding in the absence of a party.
Where, as here, the parties have entered into an agreement which provides for arbitration in accordance with the rules of a private organization, such as NAF, the threshold question for the court confirming the award is whether those rules have been adhered to (see e.g. Thermasol, Ltd. v Dreiske, 78 AD2d 838 [1980], affd 52 NY2d 1069 [1981]). Thus, the court below, in considering petitioner’s application to confirm the award, should have determined whether petitioner established that it complied with the NAF Code of Procedure.
*69 Upon our review of the record, we find that petitioner failed to establish that it complied with the NAF Code of Procedure in serving respondent with the notice of arbitration. Although the affidavit of service submitted by petitioner indicates that the “arbitration claim” was served on respondent by personal delivery, nowhere is there any indication that the notice of arbitration (which gives the respondent 30 days to respond to the claim and describes the various responsive options available) accompanied the arbitration claim. Even assuming that the notice of arbitration was served, there was no showing that the “Second Notice of Arbitration” was mailed, in accordance with the NAF Code of Procedure.
Since there was no showing that respondent was properly served with the notice of arbitration in accordance with the rules set forth in the NAF Code of Procedure, we need not pass upon whether there were other procedural infirmities in the arbitration process, including the question of whether respondent was properly notified of the time and place of the hearing, which was the basis for the lower court’s denial of petitioner’s request to confirm the arbitration award.
Accordingly, the petition to confirm was properly denied, albeit for reasons other than those stated by the court below.
Weston Patterson, J.P, Golia and Belen, JJ., concur.