██ The People of the State of New York, Respondent, v Nathanael J. Wheeler, Appellant. [848 NYS2d 391]—

Spain, J. Appeal from an order of the County Court of Fulton County (Giardino, J.), entered March 23, 2007, which classified defendant as a risk level II sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted by a US Navy general court-martial of the offenses of attempted rape, sodomy, assault and housebreaking. Defendant's sentence included four years of confinement and a dishonorable discharge. After his release and relocation to Fulton County, the Board of Examiners of Sex Offenders, in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C), recommended that he be classified as a risk level II sex offender based upon his court-martial convictions (*see* Correction Law § 168-a [2] [d] [i]). Following a hearing at which the Board's case summary, the risk assessment instrument and other evidence was admitted, County Court agreed with the Board and issued a written decision and order classifying him as such. Defendant now appeals.

We affirm. Defendant's sole contention on appeal—which we reject—is that, since the copy of his court-martial records provided by the Judge Advocate General's office did not strictly comply with CPLR 4540, County Court should not have admitted it into evidence and, therefore, the People failed to prove that he was a risk level II sex offender. In making a determination under the Sex Offender Registration Act, the court can consider reliable hearsay evidence relevant to the determination (*see* Correction Law § 168-k [2]; § 168-n [3]; *see also People v Warren*, 42 AD3d 593, 594 [2007], *lv denied* 9 NY3d 810 [2007]; *People v Kaminski*, 38 AD3d 1127, 1128 [2007], *lv denied* 9 NY3d 803 [2007]; *People v Brown*, 25 AD3d 924, 924-925 [2006]; *People v Dort*, 18 AD3d 23, 25 [2005], *lv denied* 4 NY3d 885 [2005]).

Here, accompanying defendant's court-martial records is a certification of authenticity signed by C.L. Reismeier, a Deputy Assistant Judge Advocate General. While the certification does

not recite the specific statutory language of CPLR 4540 (c), that he was the legal custodian of the records, it attests that the records were a copy of those "on file in the Office of the Judge Advocate General." Further, proof was presented that the Office of the Judge Advocate General is the legal repository of all general court-martial records and Reismeier's signature on the certification is verified under the seal of the Department of Navy by the Assistant Judge Advocate General for Military Justice. Accordingly, we find that it was well within County Court's discretion to consider defendant's court-martial records as reliable hearsay evidence (*see Sparaco v Sparaco*, 309 AD2d 1029, 1030 [2003], *lv denied* 2 NY3d 702 [2004]; *Matter of Thomas v New York State Bd. of Parole*, 208 AD2d 460 [1994]; *People v Parsons*, 84 AD2d 510, 511 [1981], *affd* 55 NY2d 858 [1982]).

Crew III, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.