OPINION OF THE COURT
Memorandum.
Judgment reversed without costs, petition to confirm an arbitration award granted, and matter remanded to the court below for entry of a judgment confirming the award.
Petitioner MBNA America Bank, N.A., commenced the instant proceeding to confirm an arbitration award rendered in its favor and for entry of a judgment thereon (see CPLR 7501, 7510, 7514). Although respondent defaulted both at the arbitration (conducted by the National Arbitration Forum) and in the proceeding below, the court denied the petition, with “leave to renew upon proper papers,” based upon the inadmissibility of petitioner’s supporting affidavit (CPLR 2309 [c]) as well as petitioner’s failure to establish a valid arbitration agreement and proper service of the notice of arbitration and the arbitrator’s award.
The affidavit was notarized by a Maryland notary public and was not accompanied by a certificate of conformity in accordance with CPLR 2309 (c) and Real Property Law § 299-a (1). Because a party’s failure to comply with the provisions of CPLR 2309 (c) can be easily corrected nunc pro tunc (Moccia v Carrier Car Rental, Inc., 40 AD3d 504 [2007]; Nandy v Albany Med. Ctr. Hosp., 155 AD2d 833 [1989]) and does not prejudice “a substantial right of a party” (CPLR 2001, 2101 [f]), it is not a fatal defect but rather a mere defect in form (Smith v Allstate Ins. Co., 38 AD3d 522 [2007]; Sparaco v Sparaco, 309 AD2d 1029 [2003]). Accordingly, in the absence of a specific objection by respondent to the omission of the certificate of conformity, *14 the defect should have been disregarded (see CPLR 2001, 2101 [f]; cf. Raytsin v Discover Bank, N.A., 6 Misc 3d 48 [App Term, 2d & 11th Jud Dists 2004]).
While a written arbitration agreement that bound respondent to submit the instant dispute to arbitration is necessary to confer subject matter jurisdiction on the court (CPLR 7501), the validity of that agreement is a matter which must be raised either pursuant to an application to stay arbitration (CPLR 7503 [b]), at the arbitration itself or, if respondent has neither participated in the arbitration nor was served with an arbitration notice, by an application to vacate or modify the award (CPLR 7511 [b] [2]). Here, respondent defaulted both at the arbitration and in the instant proceeding, thereby waiving the right to challenge the agreement’s validity. Accordingly, the court improperly held that petitioner’s papers were defective in that they failed to establish a valid arbitration agreement.
The court also erred in requiring petitioner to establish that the notice of arbitration was properly served on respondent. The arbitration award indicated that the matter “proceeded in accord with the applicable Forum Code of Procedure.” Generally, questions as to whether there has been compliance with procedural stipulations to be observed in the conduct of the arbitration proceeding itself, i.e., “conditions in arbitration, . . . are for resolution by the arbitrator as incidental to the conduct of the arbitration proceeding” (Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 8 [1980]). Therefore, the question of whether the respondent was served with a notice of arbitration in compliance with National Arbitration Forum’s Code of Procedure “is not subject to review” by the court (Matter of Kingsley v Redevco Corp., 61 NY2d 714, 715 [1984]; Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d at 8; Matter of United Nations Dev. Corp. v Norkin Plumbing Co., 45 NY2d 358, 363-365 [1978]). Although not applicable to the case at bar, we note that “where a party asserts a claim that the notice requirements of CPLR 7506 (subd [b]) were not satisfied .... the court is authorized to review the claim” under CPLR 7511 (b) (1) (iv) (Matter of Kingsley v Redevco Corp., 61 NY2d at 715). To the extent that this court’s decisions in Matter of MBNA Am. Bank, N.A. (Turull) (16 Misc 3d 67 [App Term, 2d & 11th Jud Dists 2007]) and Matter of MBNA Am. Bank N. A. v Calciano (15 Misc 3d 142[A], 2007 NY Slip Op 51079[U] [App Term, 2d & 11th Jud Dists 2007]) may be read to the contrary, they should no longer be followed.
*15 The court below further erred in requiring that petitioner submit an affidavit of service to show that the arbitration award had been properly served upon respondent. The arbitration award bears the certification that the award has been duly delivered to the parties in accordance with the terms of the arbitration agreement, which suffices to establish such delivery under CPLR 7507 (Matter of MBNA Am. Bank N.A v Cividanes, 15 Misc 3d 142[A], 2007 NY Slip Op 51078DJ] [App Term, 2d & 11th Jud Dists 2007]).
Accordingly, on this unopposed motion to confirm, we find that petitioner made a sufficient showing of entitlement to confirmation of the award and to entry of a judgment thereon. Consequently, the petition is granted and the matter is remanded to the court below for entry of a judgment confirming the arbitration award.
Pesce, PJ., Rios and Belen, JJ., concur.