OPINION OF THE COURT
Per Curiam.
Order dated June 9, 2006, reversed, on the law, and matter remanded for a risk level assessment hearing and determination.
After a nonjury trial, defendant was convicted of two counts of unlawful imprisonment in the second degree under Penal Law § 135.05. Prior to sentencing, the People filed a proposed sex offender registration risk assessment form, seeking defendant’s certification as a sex offender under the Sex Offender Registration Act (SORA) upon the allegation that one of the victims was less than 17 years old at the time of the offense (see Correction Law § 168-a [2] [a] [i]). The trial court denied the People’s request, holding that the victim’s trial testimony concerning his age was “conflicting” and that the People’s proffered documentary evidence, i.e., a certified copy of the victim’s birth certificate and the victim’s passport, constituted unreliable hearsay based upon its view that the documents did not comply with CPLR 4542 requirements. The court found that the People had failed to establish by clear and convincing evidence that the victim was under the age of 17 at the time of the offense. The People appeal, and we reverse.
The victim’s uncontradicted trial testimony that he was born on June 2, 1986 was sufficient to establish, by clear and convincing evidence, that he was under the age of 17 at the time of the incident. The fact that the teenaged victim, at trial, was unable to precisely calculate his exact age, in terms of years and months, on the date of the incident, did not render his testimony “conflicting.” Moreover, the victim’s testimony as to his age was corroborated by the People’s documentary evidence, which, contrary to the hearing court’s determination, constituted “reliable hearsay” evidence under SORA. “The statutory language [of Correction Law § 168-n (3)] and the SORA Guidelines permit the admission and consideration of hearsay well beyond that generally admissible into evidence” (People v Mingo, 49 AD3d *39 148, 151 [2008] [citations omitted]). The range of materials that may be considered by the court in a SORA proceeding is broad, and in practice, the materials submitted by the People and the Board of Examiners to the court “generally consist of the RAI [risk assessment instrument] and the accompanying case summary, which is often replete with hearsay culled from a variety of secondary sources” (id. at 151). Thus, the fact that the victim’s birth certificate and passport were not accompanied by a certificate of translation and did not strictly comply with CPLR 4542, standing alone, was insufficient to render the evidence unreliable in the context of SORA (see e.g. People v Wheeler, 46 AD3d 1082 [2007]). Inasmuch as the People’s proof established by clear and convincing evidence that the victim was under the age of 17 at the time of the incident, defendant should have been certified as a sex offender.
Defendant’s arguments with respect to the People’s right to appeal are unavailing (see Correction Law § 168-n [3]; People v Taylor, 42 AD3d 13 [2007], lv dismissed 9 NY3d 887 [2007]; People v Lockwood, 308 AD2d 640 [2003]). Nor are double jeopardy concerns implicated since the registration provisions of SORA do not constitute punishment (see Matter of M.G. v Travis, 236 AD2d 163, 166 [1997]).
McKeon, PJ., Davis and Heitler, JJ., concur.