(September 25, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS FELICIANO, Appellant. [864 NYS2d 221]—

Lahtinen, J. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered June 6, 2007, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to criminal sale of a controlled substance in the fourth degree in 1992 and received a sentence of six months in jail and five years of probation. In July 1992,

defendant allegedly violated the terms of his probation by leaving the jurisdiction without permission. Thereafter, defendant was convicted of crimes in Pennsylvania in 2001 and was sentenced to prison there. Defendant was then charged in New York, under an amended violation petition, with violating an additional condition of his probation, namely committing additional crimes. In 2007, as defendant was about to be released from prison in Pennsylvania, a violation of probation hearing was held, after which County Court found that defendant had violated the conditions of his probation. Thereafter, the court revoked his probation and sentenced defendant to a prison term of 5 to 15 years. Defendant now appeals and we affirm.

A court may revoke a sentence of probation "if the defendant has been afforded an opportunity to be heard and the court determines by a preponderance of the evidence that a condition of the probation has been violated" (*People v Jangrow*, 34 AD3d 991, 991-992 [2006]; *accord People v Bost*, 39 AD3d 1027, 1027-1028 [2007]). To the extent that defendant argues that his probation was revoked based solely on hearsay evidence, we find that contention is belied by the testimony of his probation officer, who testified that he was unable to locate defendant in 1992 and, through his investigation, uncovered evidence that defendant had fled to Puerto Rico. The officer further testified that he conversed with Pennsylvania law enforcement officials, who confirmed defendant's convictions in that state. Although this testimony was bolstered by defendant's certificate of conviction from Pennsylvania, hearsay evidence is admissible in a violation of probation hearing (*see People v Spragis*, 5 AD3d 814, 815 [2004], *lv denied* 2 NY3d 807 [2004]). Furthermore, although, as defendant contends, the Pennsylvania certificate of conviction did not strictly comply with the requirements of CPLR 4540, it is signed by the Court Clerk of the Common Pleas Court of the City of Philadelphia, who attests that the records submitted were a true copy of the records held on file in that court and the signature of the Court Clerk was made under the seal of the court. Therefore, we find that the certificate substantially complied with the statute and County Court did not err in admitting it into evidence (*see People v Wheeler*, 46 AD3d 1082, 1082-1083 [2007]; *Matter of Thomas v New York State Bd. of Parole*, 208 AD2d 460, 460 [1994]).

Finally, we are unpersuaded by defendant's contention that his sentence is harsh and excessive. Given the fact that defendant was initially allowed to plead to a reduced charge and failed to abide by the favorable conditions of the plea, and taking into consideration his criminal behavior in violating his

probation, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Bryant*, 32 AD3d 1080, 1081 [2006], *lv denied* 7 NY3d 900 [2006]; *People v Buchner*, 30 AD3d 912, 913 [2006]).

Cardona, P.J., Mercure, Spain and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.