OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order granting defendant’s motion for summary judgment dismissing the complaint on condition that, within 60 days, defendant serve and file the moving affidavit of Marcy Gonzalez, accompanied by a certificate of conformity in compliance with CPLR 2309 (c).
Defendant denied plaintiff’s claims on the ground that plaintiffs assignors had failed to appear for scheduled examinations under oath (EUOs). In support of its motion for summary judgment dismissing the complaint, defendant submitted several affidavits, which, among other things, sufficiently set forth defendant’s procedures for mailing EUO scheduling letters and denial of claim forms (see St. Vincent’s Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; Delta Diagnostic Radiology, P.C. v Chubb Group of Ins., 17 Misc 3d 16 [App Term, 2d & 11th Jud Dists 2007]). In opposition to defendant’s motion, plaintiff argued that the certificate of conformity which accompanied the affidavit of Marcy Gonzalez, defendant’s claims representative, did not comply with CPLR 2309 (c). While an affidavit which is executed outside of New York State must be accompanied by a certificate of conformity, a court may permit a party to secure such certificate later and give it nunc pro tunc effect (see Moccia v Carrier Car Rental, Inc., 40 AD3d 504 [2007]; Ave T MPC Corp. v Amica Mut. Ins. Co., 29 Misc 3d 136[A], 2010 NY Slip Op 52009[U] [App Term, 2d, 11th & 13th Jud Dists 2010]). Here, the Civil Court did not improvidently exercise its discretion when it afforded defendant an opportunity to cure the defect within 60 days by submitting a certificate of conformity in compliance with CPLR 2309 (c). Plaintiff’s remaining contentions lack merit.
*52 Accordingly, the order conditionally granting defendant’s motion for summary judgment is affirmed.
We note that our review is limited to the order entered February 9, 2009 and we do not pass upon whether any certificate of conformity subsequently submitted by defendant complied with CPLR 2309 (c), as said issue is not properly before this court on this appeal.
Pesce, PJ., Weston and Rios, JJ., concur.