■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. McCANN, Appellant. [953 NYS2d 400]—

Egan Jr., J. Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered January 24, 2011, which revoked defendant's probation and imposed a sentence of imprisonment.

In 2007, defendant pleaded guilty to attempted burglary in the second degree and received a split sentence of 180 days in jail and five years of probation. In August 2010, defendant admitted to violating a condition of his probation, and County Court restored defendant to probation with an additional special condition. In October 2010, defendant again was declared delinquent, and he agreed to admit to violating a condition of his probation in exchange for a sentence of no more than four years in prison and a period of postrelease supervision, the length of which was left to the court's discretion. Consistent with that agreement, County Court thereafter revoked defendant's probation and resentenced him to four years in prison and three years of postrelease supervision. Defendant now appeals.

Defendant's sole contention on appeal is that his resentence is harsh and excessive. We disagree. Although County Court

was aware that there were charges pending against defendant at the time of resentencing, County Court nonetheless indicated that it would honor the terms of the agreement, and there is nothing in the record to suggest that the other pending charges were a factor in the resentence (*cf. People v Rodney*, 79 AD3d 1363, 1365 [2010]; *People v Carpenter*, 278 AD2d 672, 672 [2000], *lv denied* 96 NY2d 798 [2001]). Inasmuch as the resentence imposed was within the range that defendant agreed to prior to admitting his violation of probation and the record fails to disclose any extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice, we decline to disturb it (*see People v Fusco*, 91 AD3d 985, 986 [2012]; *People v Simmons*, 279 AD2d 892, 892 [2001], *lv denied* 96 NY2d 834 [2001]).

Mercure, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.