Appeal by the defendant from an order of the County Court, Westchester County (Cacace, J.), dated April 7, 2011, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
*617 Contrary to the defendant’s contention, it was within the County Court’s discretion to consider, as reliable hearsay evidence, documents that did not strictly comply with CPLR 4540 (see People v Wheeler, 46 AD3d 1082 [2007]; see also People v Mingo, 12 NY3d 563 [2009]).
The County Court’s designation of the defendant as a level three sexually violent offender was supported by clear and convincing evidence (see Correction Law § 168-n [3]; People v Pettigrew, 14 NY3d 406, 408 [2010]; People v Samayoa, 96 AD3d 1031, 1032 [2012]). Contrary to the defendant’s contention, the County Court did not err in assessing him 10 points under risk factor 1 (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 7-8 [2006] [hereinafter SORA Guidelines]), 20 points under risk factor 7 (see SORA Guidelines at 15-16), and 10 points under risk factor 13. Additionally, the defendant was properly designated a sexually violent offender based upon his convictions of sex offenses in New Jersey (see Correction Law § 168-a [3]; Penal Law § 130.50).
The defendant’s contention that he was deprived of his constitutional right to due process of law by a delay in the commencement of the SORA proceeding is not properly before this Court since he failed to raise this argument before the County Court (see People v Gonzalez, 69 AD3d 819 [2010]; People v Ruben, 65 AD3d 1026, 1027 [2009]). Skelos, J.P., Dickerson, Chambers and Hinds-Radix, JJ., concur.