*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 3, 2016                    107153
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

JAMES D. GUYETT,
                        Appellant.
_____

Calendar Date:  January 19, 2016

Before:  Egan Jr., J.P., Rose, Lynch and Clark, JJ.

_____

        Michael C. Ross, Bloomingburg, for appellant.

        Gwen Wilkinson, District Attorney, Ithaca (Andrew J.
Bonavia of counsel), for respondent.

_____

        Appeal from a judgment of the County Court of Tompkins
County (Rowley, J.), rendered September 4, 2014, which revoked
defendant's probation and imposed a sentence of imprisonment.

        Defendant pleaded guilty to driving while intoxicated and
was sentenced to five years of probation.  Thereafter, a
violation of probation petition was filed against him.  County
Court issued an arrest warrant and, over two years later,
defendant was located after he was arrested in Schenectady County
for driving while intoxicated.  Defendant admitted to violating
the terms of his probation by failing to report.  County Court
revoked his probation and resentenced him to a prison term of 1⅓
to 4 years.  Defendant now appeals, contending that his sentence
is harsh and excessive.

We affirm.  Initially, although defendant was released from prison in September 2015, his appeal is not moot inasmuch as he remains on parole (see People v Donnelly, 80 AD3d 797, 798 [2011]; People v Stewart, 185 AD2d 381, 382 [1992], lv denied 80 NY2d 977 [1992]).  "A sentence that is within the permissible statutory range will not be disturbed unless the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (People v Ciarleglio, 299 AD2d 571, 572 [2002] [citations omitted]; accord People v Lowe, 53 AD3d 982, 983 [2008]).  Here, defendant had been unable to comply with the conditions of his probation.  Further, the resentence imposed was both authorized and within the range that defendant agreed to prior to admitting his violation of probation.  Under the circumstances presented herein, we find no abuse of discretion or extraordinary circumstances warranting the reduction of the sentence in the interest of justice (see People v McCann, 100 AD3d 1150, 1151 [2012]; People v Smurphat, 91 AD3d 980, 981 [2012], lv denied 18 NY3d 962 [2012]).

Egan Jr., J.P., Rose, Lynch and Clark, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court