People v Marchese (2018 NY Slip Op 07785)





People v Marchese


2018 NY Slip Op 07785


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

108704

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL MARCHESE, Appellant.

Calendar Date: September 18, 2018

Before: Egan Jr., J.P., Devine, Clark, Aarons and Rumsey, JJ.


Dominic J. Cornelius, Public Defender, Hudson (Jessica Howser of counsel), for appellant.
Paul Czajka, District Attorney, Hudson (Krista Kline of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Columbia County (Koweek, J.), rendered July 19, 2016, which revoked defendant's probation and imposed a sentence of imprisonment.
In April 2013, defendant pleaded guilty to various alcohol-related crimes and received a split sentence of six months in jail followed by five years of probation. Following his release from custody in July 2013, defendant failed to apprise the local Probation Department of a change in address, and he was declared delinquent. Defendant remained at liberty until April 2016, when he turned himself in on a bench warrant. After being advised of his maximum potential sentencing exposure, defendant waived a hearing and admitted that he violated the terms and conditions of his probation. County Court thereafter revoked defendant's probation and imposed a prison term of 1 to 3 years, prompting this appeal.
Contrary to the People's assertion, defendant's release to parole does not render this appeal moot, as defendant remains subject to parole supervision until his maximum expiration date is reached (see People v Pixley, 150 AD3d 1555, 1555 n 2 [2017], lv denied 30 NY3d 952 [2017]; People v Guyett, 137 AD3d 1329, 1329 [2016]). That said, upon reviewing the record and taking into account defendant's criminal history and conduct while on probation, we find no extraordinary circumstances or abuse of discretion warranting a modification of the sentence in the interest of justice (see People v Guyett, 137 AD3d at 1329-1330; People v Vallance, 137 AD3d 1327, 1328 [2016]).
Egan Jr., J.P., Devine, Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.