Hudson City Sav. Bank v DePasquale (2020 NY Slip Op 08047)





Hudson City Sav. Bank v DePasquale


2020 NY Slip Op 08047


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2019-06653 
2019-06654
 (Index No. 59466/15)

[*1]Hudson City Savings Bank, etc., respondent,
v
Neil H. DePasquale, et al., appellants.


Clair & Gjertsen, White Plains, NY (Brett M. Milchman of counsel), for appellants.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Neil H. DePasquale and Deborah L. DePasquale, appeal from (1) an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated September 27, 2017, and (2) a judgment of foreclosure and sale of the same court, dated October 3, 2017. The order, upon an order of the same court dated August 18, 2016, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. The judgment of foreclosure and sale directed the sale of the subject property.
ORDERED that the appeal from the order dated September 27, 2017, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the order dated September 27, 2017, is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The appeal from the order dated September 27, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
The plaintiff commenced this action against defendants Neil H. DePasquale and Deborah L. DePasquale (hereinafter together the defendants), among others, to foreclose a mortgage secured by real property located in Dobbs Ferry. In their answer, the defendants asserted several affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion on the ground that the plaintiff failed to demonstrate its compliance with RPAPL [*2]1304. By order dated August 18, 2016, the Supreme Court granted the motion.
The Referee issued a report dated April 11, 2017, and the plaintiff moved to confirm the report and for a judgment of foreclosure and sale. The defendants opposed the motion, contending that the Referee's oath postdated the date of his report, and that the amounts calculated by the Referee were unsupported by documentary evidence. In an order dated September 27, 2017, the Supreme Court, inter alia, granted the plaintiff's motion and subsequently issued a judgment of foreclosure and sale. The defendants appeal.
RPAPL 1304(1), which applies to residential foreclosure actions, provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute sets forth the requirements for the content of such notice and provides that such notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[2]).
This is the second mortgage foreclosure action commenced to collect the same debt. In a prior action, this Court granted the defendants' cross motion for summary judgment dismissing the complaint, on the ground that the plaintiff conceded that "its notice to the homeowners required by RPAPL 1304 contained a factual inaccuracy" (Hudson City Sav. Bank v DePasquale, 113 AD3d 595, 596), by overstating the days in which the borrower was in default.
In the instant case, the defendants alleged that the RPAPL 1304 notice was defective because the defendants failed to make the payment due on March 9, 2010, and the payments thereafter. However, in the notices of default, the plaintiff only declared the defendants in default as of April 2010. The notices pursuant to RPAPL 1304 dated February 9, 2015, stated that "[a]s of February 9, 2015, your home loan is 1767 days in default," indicating that the default was from April 9, 2010.
RPAPL 1304(1) requires that the notice inform the borrower of, inter alia, the number of days the loan has been in default. However, since the plaintiff declared the defendants in default as of April 2010, and payments were due on the ninth of each month, the declaration of days that the defendants were declared in default was accurate, and was consistent with their position on the prior appeal that the default did not occur as of March 9, 2010.
"'[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition'" (Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910, quoting Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). Here, the plaintiff met this burden. The record contains an affidavit of mailing of the RPAPL 1304 notice by Cheryl Byers. Her affidavit states, inter alia, that Byers "being duly sworn deposes and says" that she mailed the 90-day notices to the defendants at their designated addresses by first class mail, and copies of the notices with the certified mail article numbers are annexed. The affidavit was duly notarized on February 9, 2015, by an identified notary public, who was an out-of-state notary who used the acknowledgment form, not the jurat form. However, the affidavit was presumed to be properly sworn (see Sirico v F.G.G. Prods., Inc., 71 AD3d 429; Sparaco v Sparaco, 309 AD2d 1029). Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
The calculations of the referee were based upon the affidavit of Veronika Steen, Assistant Vice President of the plaintiff's successor-by-merger. Steen averred that she had personal knowledge of the matter through her review of the relevant documents, and that she had "[a]nnexed . . . a breakdown of the amounts due." However, the documents produced include the agreements between the parties, not the payment history. Thus the computation was improperly premised upon unproduced business records (see U.S. Bank N.A. v Calabro, 175 AD3d 1451; Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769). Accordingly, the plaintiff's motion to confirm the referee's report [*3]and for a judgment of foreclosure and sale should have been denied. We therefore remit the matter to the Supreme Court, Westchester County, for a new report computing the amount due to the plaintiff in accordance herewith.
The defendants' remaining contentions need not be addressed in light of our determination.
RIVERA, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court