Feuerman v Marriott Intl., Inc. (2022 NY Slip Op 00372)





Feuerman v Marriott Intl., Inc.


2022 NY Slip Op 00372


Decided on January 25, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2022

Before: Gische, J.P., Webber, Mendez, Rodriguez, Pitt, JJ. 


Index No. 154317/15 Appeal No. 15135 Case No. 2020-03669 

[*1]Paul Feuerman, as Executor of the Estate of Martin Zeiger, Decedent, et al., Plaintiffs-Appellants,
v
Marriott International, Inc., et al., Defendants-Respondents.


Mischel & Horn, P.C.,New York (Andrew J. Fisher of counsel), for appellants.
Gilbert, King, McGinnis & Liferiedge, White Plains (Jose M. Gomez of counsel), for respondents.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered August 26, 2020, which granted defendants' motion to renew their motion for summary judgment dismissing the complaint, and upon renewal, granted the motion for summary judgment, unanimously affirmed, without costs.
On October 12, 2014, plaintiffs' decedent tripped and fell in a hotel room owned, managed, and operated by defendants. Plaintiffs commenced suit, alleging negligent ownership and operation of the premises. Specifically, plaintiffs claimed that the bathroom contained an inoperable and inadequate lighting fixture. After discovery had been completed, defendants moved for summary judgment dismissing the complaint. In support of their motion, defendants annexed an unsworn expert report averring that the lighting complied with all applicable statutes and that the design of the switch locations provided easy access on entry or exit of the bathroom. In opposition, plaintiffs also submitted an unsworn expert report averring that the design guides for defendant facilities require the installation of lighted switches in the foyer and bathroom in each of their rooms, and defendants' failure to employ that standard was unreasonable. Supreme Court denied defendants' motion for summary judgment finding that while defendants met their prima facie burden, because their expert report was not sworn to under penalty of perjury, it did not constitute admissible evidence in support of the motion.
Defendants subsequently moved to renew their motion for summary judgment, arguing that their failure to attach a sworn affidavit to the motion for summary judgment was inadvertent. Plaintiffs opposed, arguing that defendants failed to offer any justification for their previous omission.
Supreme Court granted defendants' motion to renew, and, upon renewal, granted defendants' motion for summary judgment dismissing the complaint. The court found that defendants' expert's opinion that "defendants were not obligated to provide an illuminated light switch in the bathroom where decedent was injured" established defendants' prima facie entitlement to summary judgment. The court observed that in opposition to the motion to renew, plaintiffs continued to submit only an unsigned expert report and an affirmation of counsel, neither of which were credible evidence of probative value.
Plaintiffs argue that it was error for Supreme Court to entertain defendants' motion to renew, asserting that defendants failed to provide a reasonable justification for their failure to submit an expert affidavit with their original motion. We find that renewal was providently granted so that defendants could correct their procedural oversight on the previous motion and submit their expert's affidavit in admissible form (see Shaw v Looking Glass Assoc., LP, 8 AD3d 100, 102 [1st Dept 2004]; B.B.Y. Diamonds Corp. v Five Star Designs, 6 AD3d 263 [1st Dept 2004]). Plaintiffs failed to show any prejudice caused by the delay[*2], and no new facts or law were raised in the affidavit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2022