People v Dodson (2021 NY Slip Op 02927)





People v Dodson


2021 NY Slip Op 02927


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


411 KA 19-00930

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHNTAVIOUS DODSON, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered November 2, 2018. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a forged instrument in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). At sentencing, defendant admitted to being a second felony offender based on a prior conviction in the State of Georgia for a cocaine-possession offense, the precise nature of which is unclear from the record. On appeal, defendant contends for the first time that his designation as a second felony offender is illegal because his prior Georgia conviction is not equivalent to a New York felony. Because defendant's contention would survive even a valid waiver of the right to appeal (see People v Sablan, 177 AD3d 1024, 1025 [3d Dept 2019], lv denied 34 NY3d 1132 [2020]; People v Lopez, 164 AD3d 1625, 1625 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]), we need not determine whether he validly waived that right in this case.
On the merits, defendant correctly concedes that his challenge to the legality of his designation as a predicate felon is unpreserved for appellate review, and the illegal-sentence exception to the preservation rule (see generally People v Samms, 95 NY2d 52, 57 [2000]) does not apply here because the record does not reveal the precise nature of, or the sentencing range applicable to, defendant's prior conviction in Georgia (see People v Wingfield, 181 AD3d 1253, 1254 [4th Dept 2020], lv denied 35 NY3d 1050 [2020], reconsideration denied 35 NY3d 1098 [2020]; Sablan, 177 AD3d at 1026; Lopez, 164 AD3d at 1625-1626). Contrary to defendant's contention and the People's incorrect concession, the pre-sentence report's lone reference to Georgia Code Annotated § 16-13-30 (a) as the basis of defendant's prior conviction does not clarify the situation because subdivision (a) does not identify a specific crime or authorize any particular sentence. Rather, subdivision (a) of section 16-13-30 merely sets forth a general prohibition on the unlawful purchase and possession of controlled substances in Georgia, and that sections's specific cocaine-possession offenses and the corresponding sentencing parameters are set forth in subdivision (c) (1), (2) and (3). The record in this case does not indicate whether defendant was convicted and sentenced under subdivision (c) (1), (2) or (3), and it is thus impossible to determine whether the prior conviction at issue is equivalent to a New York felony. For the same reason, we could not effectively review defendant's unpreserved challenge to his predicate felon designation as a matter of discretion in the interest of justice.
Finally, we note that defendant has an available avenue of relief, namely, a motion to set aside his sentence pursuant to CPL 440.20 (1) (see Sablan, 177 AD3d at 1026; Lopez, 164 AD3d at 1626). Such a motion would facilitate the development of an adequate record regarding defendant's Georgia conviction, and that, in turn, would allow the New York courts to [*2]intelligently determine whether that conviction qualified as a proper predicate for enhanced sentencing in this case.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court