People v Wilson (2021 NY Slip Op 06117)





People v Wilson


2021 NY Slip Op 06117


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

111811
[*1]The People of the State of New York, Respondent,
v
Keith D. Wilson, Appellant.

Calendar Date:October 8, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ.

Eric M. Galarneau, Albany, for appellant.
Kirk O. Martin, District Attorney, Owego (Torrance L. Schmitz of counsel), for respondent.



Appeal from a judgment of the County Court of Tioga County (Keene, J.), rendered March 15, 2019, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.
In full satisfaction of a single-count indictment and other pending charges, defendant pleaded guilty to criminal contempt in the first degree with the understanding that he would be sentenced to a prison term of 1½ to 3 years — the minimum term of imprisonment for a second felony offender (see Penal Law §§ 70.06 [3] [e]; [4] [b]; 215.51 [b] [v]). When defendant subsequently appeared for sentencing, County Court afforded defendant the opportunity to challenge the predicate felony statement filed by the People. Defendant declined that opportunity and admitted the prior felony conviction, and County Court imposed the contemplated term of imprisonment. This appeal ensued.
Defendant's sole argument upon appeal — that his "waiver" of the right to challenge the predicate felony statement was involuntary in light of County Court's failure to fully comply with the requirements of CPL 400.21 — is unpreserved for our review, as defendant raised no objection in this regard at the time of sentencing (see People v Carrington, 194 AD3d 1253, 1254-1255 [2021]; People v Iorio, 188 AD3d 1352, 1354 [2020], lv denied 36 NY3d 1051 [2021]; People v Huntley, 177 AD3d 1032, 1034 [2019], lv denied 34 NY3d 1131 [2020]; People v Small, 174 AD3d 1130, 1132-1133 [2019], lv denied 34 NY3d 954 [2019]). To the extent that defendant contends that the sentence imposed was unauthorized and, hence, preservation was not required, we disagree, as defendant's challenge "is to the procedures employed and not whether he qualifies as a predicate offender" (People v Berry, 152 AD3d 1080, 1081 n [2017]; see People v Quinones, 162 AD3d 1402, 1403 [2018]). Accordingly, the judgment of conviction is affirmed.
Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.