People v Caraballo (2023 NY Slip Op 01029)

People v Caraballo

2023 NY Slip Op 01029

Decided on February 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 23, 2023

113234 
[*1]The People of the State of New York, Respondent,
v
Jazmany Caraballo, Appellant.

Calendar Date:January 11, 2023

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and McShan, JJ. 

Lipsitz Green Scime Cambria LLP, Buffalo (Erin McCampbell Paris of counsel), for appellant.
Joseph G. Fazzary, District Attorney, Watkins Glen (Sophie J. Marmor of counsel), for respondent.

Clark, J.P.
Appeal from a judgment of the County Court of Schuyler County (Gerald A. Keene, J.), rendered October 18, 2021, convicting defendant upon his plea of guilty of the crime of reckless endangerment in the first degree.
In full satisfaction of three charging instruments, defendant agreed to plead guilty to attempted assault in the second degree, criminal mischief in the third degree and criminal possession of a controlled substance in the third degree with the understanding that he would be sentenced to various concurrent terms of imprisonment — the precise length of which are not at issue here. After defendant pleaded guilty and was given Outley warnings, the matter was adjourned for sentencing. On the morning of the scheduled sentencing proceeding in January 2019, defendant allegedly suffered a mental breakdown in the parking lot of the courthouse, whereupon he fled the scene in his girlfriend's vehicle and, following a high-speed chase, crashed into another car. Defendant thereafter admitted to fleeing on the day of sentencing and, as a result, County Court (Morris, J.) found that defendant violated the Outley warnings previously administered and sentenced defendant to an enhanced term of imprisonment. Defendant appealed from the resulting February 28, 2019 judgment of conviction, and his challenges to that judgment of conviction are the subject of a companion appeal (People v Caraballo, ___ AD3d ___ [3d Dept 2023] [decided herewith]).
As relevant to this appeal, following the January 2019 incident, defendant was indicted and charged with two counts of robbery in the second degree, reckless endangerment in the first degree, two counts of assault in the second degree, driving while ability impaired and unlawful fleeing from a police officer in a motor vehicle in the third degree. In full satisfaction thereof, defendant agreed to plead guilty to reckless endangerment in the first degree with the understanding that he would be sentenced as a second felony offender to a prison term of 3½ to 7 years — said sentence to be served consecutively to the sentence defendant was serving under the February 2019 judgment of conviction. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement and, in connection therewith, admitted that he had previously been convicted of criminal possession of a controlled substance in the third degree — one of the crimes for which he was sentenced in February 2019.
Prior to sentencing in this matter, the People apparently realized that defendant's conviction of criminal possession of a controlled substance in the third degree could not serve as a predicate felony — for purposes of sentencing defendant as a second felony offender — because defendant had not been sentenced upon such crime prior to his commission of reckless endangerment in the first degree in January 2019 (see Penal Law § 70.06 [1] [b] [ii]). Accordingly, the People sought to utilize [*2]defendant's 2015 conviction of armed robbery in Massachusetts as the predicate felony (see Penal Law § 70.06 [1] [b] [i]). Defendant opposed the People's application and, at the start of the sentencing proceeding, County Court (Keene, J.) conducted a hearing with respect to whether defendant's Massachusetts conviction could serve as a predicate felony. Upon concluding that the People met their burden of proof on this point, County Court sentenced defendant to the agreed-upon term of imprisonment as a second felony offender. Defendant appeals.
Although the People concede that defendant's waiver of the right to appeal is invalid, defendant's initial claim — that he was improperly sentenced as a second felony offender due to deficiencies in the People's proof — implicates the legality of defendant's sentence and, hence, would survive even a valid appeal waiver (see People v Hayes, 211 AD3d 1186, 1187 [3d Dept 2022]; People v Leon, 200 AD3d 717, 717 [2d Dept 2021], lv denied 37 NY3d 1162 [2022]; People v Sablan, 177 AD3d 1024, 1025 [3d Dept 2019], lv denied 34 NY3d 1132 [2020]; compare People v Wilson, 199 AD3d 1130, 1130 [3d Dept 2021], lv denied 38 NY3d 931 [2022]). Similarly, although defense counsel made no express mention of the certification requirements of CPLR 4540 (c) — either in his affidavit opposing the People's request to utilize defendant's Massachusetts conviction as a predicate felony or at the time of sentencing — we are satisfied that counsel's objections to the sufficiency of the People's proof, pursuant to CPL 400.21 (7), were adequate to preserve this issue for our review (see CPL 470.05 [2]; compare People v Sablan, 177 AD3d at 1025-1026).[FN1]
Turning to the merits, the People sought to establish defendant's status as a second felony offender by tendering proof that defendant had previously committed a qualifying felony in Massachusetts (see CPL 400.21 [2]). To that end, CPLR 4540 (a) provides, in relevant part, that "[a]n official publication, or a copy attested as correct by an officer . . . having legal custody of an official record . . . of any state . . . or of any of its courts . . . is prima facie evidence of such record." Further, "[w]here the copy is attested by an officer of another jurisdiction, it shall be accompanied by a certificate that such officer has legal custody of the record, and that his [or her] signature is believed to be genuine, which certificate shall be made by a judge of a court of record of the district or political subdivision in which the record is kept, with the seal of the court affixed; or by any public officer having a seal of office and having official duties in that district or political subdivision with respect to the subject matter of the record, with the seal of his [or her] office affixed" (CPLR 4540 [c]).
Here, the People offered a copy of a "warrant"[FN2] transferring defendant from local custody to state prison, as well as a copy of defendant's public docket report. Both documents reflect [*3]defendant's conviction in Massachusetts of armed robbery, bear the seal of the Massachusetts Superior Court and contain the signature of a court official attesting that such documents are true copies. However, the People's submissions "lacked the certificate, under seal, showing that the attestor was the legal custodian of the records and that this signature was genuine as required by CPLR 4540 [c]" (People v Hines, 90 AD2d 621, 621 [3d Dept 1982]).[FN3] As a result of such failure, we vacate defendant's adjudication as a second felony offender, as well as the resulting sentence, and remit this matter to County Court for a new second felony offender hearing, at which time the People will have an opportunity to overcome the technical deficiencies in their proof (see People v Redmond, 41 AD3d 514, 515 [2d Dept 2007], lv denied 16 NY3d 745 [2011]; People v James, 4 AD3d 774, 774-775 [4th Dept 2004]; People v Acebedo, 156 AD2d 369, 369-370 [2d Dept 1989]; People v Hines, 90 AD2d at 621).
Although our remittal for a new second felony offender hearing and resentencing renders defendant's challenge to the perceived severity of his sentence academic, we note in passing that we would find no merit to defendant's claim that, because his Outley violation already led to an enhanced sentence in the February 2019 judgment of conviction, any sentence imposed in this matter — which is premised on the same facts — necessarily violates the Double Jeopardy Clause or otherwise renders the imposition of a sentence in this matter unjust.
Pritzker, Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Schuyler County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: Inasmuch as the asserted defect stemmed from an "evidentiary dispute[ ]" — as opposed to an error "that [was] readily discernible from the trial record" — preservation was required (People v Nieves, 2 NY3d 310, 315-316 [2004]).

Footnote 2: Although the document is entitled mittimus, meaning "warrant," it includes the information concerning defendant's conviction and sentence, similar to a New York commitment order.

Footnote 3: CPLR 4540 reflects the Legislature's intent that self-authentication requirements for copies of official records for jurisdictions outside New York are "more demanding than in the case of New York public records" (Vincent C. Alexander, Prac Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4540:4; compare CPLR 4540 [c], with CPLR 4540 [b]). However, where a foreign document is proffered in proceedings other than a second felony offender hearing — which requires the evidence proffered to be admissible at a trial (see CPL 400.21 [7]) — we have permitted those courts to consider proof proffered outside the document to determine whether the requirements of CPLR 4540 (c) have been satisfied (see e.g. People v Feliciano, 54 AD3d 1131, 1132 [3d Dept 2008] ["hearsay evidence is admissible in a violation of probation hearing"]; People v Wheeler, 46 AD3d 1082, 1082 [3d Dept 2007] ["under the Sex Offender Registration Act, the court can consider reliable hearsay"]).