People v Ives (2023 NY Slip Op 02909)

People v Ives

2023 NY Slip Op 02909

Decided on June 1, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 1, 2023

112433
[*1]The People of the State of New York, Respondent,
v
Kyle A. Ives, Appellant.

Calendar Date:April 26, 2023

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
John M. Muehl, District Attorney, Cooperstown (Christopher J. Di Donna of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Otsego County (Brian D. Burns, J.), rendered December 20, 2019, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of burglary in the third degree with the understanding that he would be sentenced as a second felony offender to a prison term of 3½ to 7 years. The plea agreement, which encompassed and satisfied other pending charges, also required defendant to waive his right to appeal. Defendant pleaded guilty to the charged crime, and County Court imposed the agreed-upon term of imprisonment. This appeal ensued.
We affirm. Initially, we reject defendant's assertion that his waiver of the right to appeal is invalid. The record reflects that defendant was advised that the waiver was a term and condition of the plea agreement, and County Court explained that the waiver was separate and distinct from the trial-related rights that defendant would be forfeiting by pleading guilty (see People v Lopez, 6 NY3d 248, 256-257 [2006]) and that it did not encompass all of defendant's appellate rights (see People v Thomas, 34 NY3d 545, 559-561 [2019]). Specifically, the court advised defendant during the plea colloquy that "you don't waive all of your appellate rights in a situation like this," which defendant acknowledged that he understood. At sentencing, defendant confirmed that he had discussed the waiver with counsel and that he understood the limited rights he was giving up as a result of the waiver, at which point the court again explained that "[t]he waiver of the right to appeal in New York does not cause you to give up all of the grounds upon which you may file an appeal." Further, defendant executed a written waiver, after conferring with counsel, that expressly stated that the right to appeal is "a separate and distinct right from those other rights that are waived as a result of entering a plea of guilty" (see People v Blanchard, 188 AD3d 1414, 1415 [3d Dept 2020], lv denied 36 NY3d 1055 [2021]; People v Hernandez, 188 AD3d 1357, 1358 [3d Dept 2020], lv denied 36 NY3d 1057 [2021]). Notwithstanding the use of certain overbroad language in the written waiver, we find that the court's colloquy was sufficient to convey, and that defendant clearly understood, that some appellate review survived his waiver (see People v Martin, 179 AD3d 1385, 1386 [3d Dept 2020]; compare People v Gervasio, 190 AD3d 1190, 1191 [3d Dept 2021]). In sum, we find that defendant's "combined oral and written waiver of appeal was a knowing, voluntary and intelligent choice" and, in light of the valid appeal waiver, defendant's challenge to the severity of the agreed-upon sentence is precluded (see People v Ashley, 211 AD3d 1174, 1174 [3d Dept 2022]; People v Acevedo, 179 AD3d 1397, 1399 [3d Dept 2020]).
Defendant's remaining argument — that County Court failed to comply [*2]with the procedures set forth in CPL 400.21 prior to sentencing him as a second felony offender — survives defendant's valid appeal waiver "because it implicates the legality of the sentence imposed" (People v White, 172 AD3d 1822, 1824 [3d Dept 2019] [internal quotation marks and citation omitted], lv denied 33 NY3d 1110 [2019]). That said, "th[is] issue, which relates to the procedures employed and not whether [defendant] qualifies as a predicate offender, has not been preserved for our review due to his failure to object at sentencing" (People v Quinones, 162 AD3d 1402, 1403 [3d Dept 2018]; see People v Wilson, 199 AD3d 1130, 1130 [3d Dept 2021], lv denied 38 NY3d 931 [2022]; People v Howell, 178 AD3d 1148, 1149 [3d Dept 2019], lv denied 34 NY3d 1129 [2020]). Notably, defendant was advised both at arraignment and at the time of his plea that he would be sentenced as a second felony offender, and a predicate felony offender statement was filed with counsel at arraignment. Under these circumstances, we decline defendant's invitation to take corrective action in the interest of justice.
Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.