People v Vences (2024 NY Slip Op 05604)

People v Vences

2024 NY Slip Op 05604

Decided on November 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 14, 2024

112319 CR-23-0080
[*1]The People of the State of New York, Respondent,
v
Jose L. Vences, Appellant.

Calendar Date:September 3, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

Ameer Benno, Albany, for appellant.
Brian P. Conaty, District Attorney, Monticello (Danielle K. Blackaby of counsel), for respondent.

Lynch, J.
Appeals (1) from a judgment of the County Court of Sullivan County (Frank J. LaBuda, J.), rendered December 16, 2019, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree and criminal possession of a weapon in the second degree, and (2) by permission, from an order of said court (E. Danielle Jose-Decker, J.), entered December 23, 2022, which denied defendant's motions pursuant to CPL 440.10 to vacate the judgment of conviction, without hearings.
In satisfaction of a multicount indictment charging him with six felonies under an acting-in-concert theory, defendant pleaded guilty to counts 1 and 3 of the indictment — i.e., burglary in the third degree and criminal possession of a weapon in the second degree — and purported to waive his right to appeal. He was sentenced, in accordance with the plea agreement, to a prison term of 3½ to 7 years on the burglary conviction, to run concurrently with a prison term of 8½ years, to be followed by five years of postrelease supervision, on the weapon possession conviction. Defendant subsequently filed two CPL article 440 motions — one pro se and another through counsel — asserting, among other things, claims of actual innocence (see CPL 440.10 [1] [g]) and ineffective assistance of counsel (see CPL 440.10 [1] [h]).[FN1] County Court (Jose-Decker, J.) denied defendant's motions without a hearing. Defendant now appeals from the judgment of conviction and, by permission, from the denial of his CPL article 440 motions.
Defendant challenges the validity of the plea on the ground that he was never specifically asked about and never admitted that the PMK .380 caliber semiautomatic handgun he was charged with possessing was loaded and operable — material elements of the weapon possession charge to which he pleaded guilty (see Penal Law §§ 265.00 [15]; 265.03 [3]). Defendant's challenge to the factual sufficiency of the plea allocution is precluded by the unchallenged waiver of appeal and unpreserved for review in the absence of a postallocution motion to withdraw the plea prior to sentencing despite a sufficient opportunity to do so (see CPL 220.60 [3]; People v Brabant, 229 AD3d 892, 895 [3d Dept 2024]; People v Nolan, 224 AD3d 996, 997 [3d Dept 2024], lv denied 42 NY3d 929 [2024]). The narrow exception to the preservation rule does not apply, for defendant did not make statements during the plea colloquy negating an essential element of the crimes or casting doubt upon his guilt (see People v Glicksman, 227 AD3d 1278, 1279-1280 [3d Dept 2024]; People v Teele, 92 AD3d 972, 972 [3d Dept 2012]). Contrary to defendant's contention, his CPL article 440 motions were insufficient to preserve this issue in the context of his direct appeal, as it may be fully resolved by reference to the plea record (see People v Morales, 119 AD3d 1082, 1084 n [3d Dept 2014], lv denied 24 NY3d 1086 [2014]; see also People v See, 206 AD3d 1153, 1155 [3d Dept 2022], lv denied 39 NY3d 1075 [2023]). In any event[*2], were the issue properly preserved, we would find it to be without merit for "an allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime" (People v Goldstein, 12 NY3d 295, 301 [2009]). It bears noting that count 3 of the indictment specified that defendant "possess[ed] a loaded and fully operational PMK .380 caliber semiautomatic handgun." From our review of the plea transcript, we are satisfied that defendant understood the charges to which he was pleading guilty (see People v Seeber, 4 NY3d 780, 781 [2005]).
Defendant further asserts that his sentence is illegal because the People did not file a second felony offender statement. Although defendant did not object at the time of sentencing, his pro se CPL article 440 motion generally raised an issue with respect to his status as a second felony offender and we conclude that the issue is preserved for review (see People v Jurgins, 26 NY3d 607, 612 [2015]; People v Caraballo, 213 AD3d 1152, 1154 [3d Dept 2023]). Nevertheless, it is unavailing. At the beginning of the sentencing hearing, the prosecutor asked County Court (LaBuda, J.) to sentence defendant as a second felony offender, stating his belief that a predicate offender statement had been filed. When County Court generically responded, "[y]eah," the prosecutor then stated: "[i]f we've not, Judge, I can outline and maybe . . . defendant will admit" that "he was convicted on May 12[,] 2015 . . . of burglary in the second degree and received a sentence of three and a half years . . . with five years [of] post release [supervision]." Defense counsel confirmed that defendant would admit his 2015 conviction as a predicate offense and defendant did so on the record. Defense counsel also answered in the negative when asked if he knew of any legal impediment that would render that prior conviction ineligible as a predicate offense.[FN2] Although the record is unclear as to whether a predicate offender statement was ever filed and served upon defendant (see CPL 400.21 [1], [3]), in these circumstances "[t]he statutory purposes for filing a predicate statement have been satisfied, to wit: apprising the court of the prior conviction and providing defendant with reasonable notice and an opportunity to be heard" (People v Bouyea, 64 NY2d 1140, 1142 [1985] [internal citation omitted]; see People v Harris, 61 NY2d 9, 20 [1983]). Any failure to comply with the statutory requirements was therefore harmless error (see People v Bouyea, 64 NY2d at 1142; People v Harris, 61 NY2d at 20; compare People v Anthony, 52 AD3d 864, 865 [3d Dept 2008], lv denied 11 NY3d 733 [2008]; People v Bryant, 180 AD2d 874, 875 [3d Dept 1992]).
Turning to the denial of defendant's CPL article 440 motions, he argues that counsel was ineffective for failing to inform him that the People were required to prove that the stolen PMK .380 caliber handgun was operable and loaded with live ammunition at the time of the possession[*3], while advising that the evidence against him was "ironclad" despite the absence of a ballistics report. Had he been so informed, defendant maintains he would not have pleaded guilty for he never had possession of the handgun. County Court (Jose-Decker, J.) did not err in summarily denying this argument for several reasons. Defendant's claim of actual innocence is foreclosed by his valid plea (see People v Tiger, 32 NY3d 91, 102 [2018]; People v Hinds, 217 AD3d 1138, 1141 [3d Dept 2023], lv denied 40 NY3d 951 [2023]). Although the People concede there was no ballistics report, defendant's self-serving statement as to his discussions with counsel are unavailing. "[I]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Ward, 228 AD3d 1134, 1137 [3d Dept 2024] [internal quotation marks and citations omitted]). Given the sentencing exposure defendant faced if convicted at trial, counsel obtained a favorable plea deal for defendant, who assured County Court (LaBuda, J.) during the plea colloquy that he was satisfied with the legal advice given (see People v Hatcher, 211 AD3d 1236, 1239 [3d Dept 2022], lv denied 39 NY3d 1078 [2023]; People v Williams, 6 AD3d 746, 748 [3d Dept 2004], lv denied 3 NY3d 650 [2004]). To the extent defendant claims that counsel failed to properly assess the strength of the People's case as to the weapon possession charge, the record evidence — including the grand jury testimony,[FN3] a sworn statement from the owner of the handgun confirming that it was loaded with ammunition at the time it was stolen from his garage, and a statement from a police officer who test-fired the gun, confirming it was operable — provided a reasonable basis for defense counsel to conclude that defendant could be found guilty at trial of this charge, potentially exposing him to a lengthier prison sentence. Defendant also complains that counsel failed to advance the argument that the codefendant submitted a statement claiming that he and not defendant possessed the handgun. Given that the indictment was premised on an acting-in-concert theory, that statement did not serve to exonerate defendant. For all the foregoing reasons, County Court (Jose-Decker, J.) did not err in summarily denying defendant's CPL article 440 motions. To the extent not expressly addressed, defendant's remaining arguments have been considered and found unavailing.
Garry, P.J., Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the judgment and the order are affirmed.

Footnotes

Footnote 1: Between the filing of his two CPL article 440 motions, defendant also filed a motion for discovery under CPL article 245, seeking "all documentation relating to the recovery of the [handgun defendant was charged with possessing] and its ammunition and all ballistics tests that were performed on the handgun and the ammunition that were recovered in connection with this case." The People opposed the motion on the ground that such evidence implicated a claim of actual innocence, which was foreclosed by defendant's plea, and that CPL article 245 — enacted after he had entered a plea — did not retroactively apply so as to entitle him to the requested records. County Court (Jose-Decker, J.) denied the motion.

Footnote 2: We also note that, during the plea proceedings nearly two months prior, defendant admitted that he had a prior felony conviction for which he went to prison and confirmed his understanding that if he committed any future felony he could be sentenced as a persistent felony offender.

Footnote 3: During oral argument on the appeal, this Court asked the parties to file a supplemental record containing the grand jury minutes. A supplemental record was timely filed in accordance with this request and we have reviewed the grand jury minutes contained therein.