People v Griffin (2025 NY Slip Op 06227)

People v Griffin

2025 NY Slip Op 06227

Decided on November 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 13, 2025

CR-22-2230
[*1]The People of the State of New York, Respondent,
v
Kenzell Griffin, Appellant.

Calendar Date:October 17, 2025

Before:Clark, J.P., Pritzker, Lynch, Powers and Mackey, JJ.

Paul Skip Laisure, Garden City, for appellant.
Brian P. Conaty, District Attorney, Monticello (Danielle K. Blackaby of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Sullivan County (James Farrell, J.), rendered May 19, 2022, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to criminal possession of a weapon in the second degree, admitting that he knowingly possessed a loaded and operable firearm away from his home or place of business. Pursuant to the plea agreement, which required that he waive his right to appeal and be sentenced as a second felony offender based upon a prior conviction in Ohio, defendant was promised a prison sentence of 7½ years, to be followed by five years of postrelease supervision. County Court thereafter imposed the agreed-upon sentence. Defendant appeals, arguing that he was improperly adjudicated a second felony offender.
We affirm. Defendant contends that County Court erred in sentencing him as a second felony offender because his out-of-state drug trafficking conviction was not the equivalent of a felony in New York (see Penal Law § 70.06 [1] [b] [i]). "Although defendant's argument survives [his] unchallenged waiver of the right to appeal because it implicates the legality of [his] sentence, such an argument must be preserved at the trial level, where the production and examination of foreign accusatory instruments and, conceivably, the resolution of evidentiary disputes, all in the context of comparisons with the law of other jurisdictions, may occur" (People v Sablan, 177 AD3d 1024, 1025 [3d Dept 2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 1132 [2020]; compare People v Caraballo, 213 AD3d 1152, 1153-1154 [3d Dept 2023]). At no point did defendant contest the predicate felony statement, and defense counsel agreed that defendant's out-of-state drug trafficking conviction would constitute a felony in New York (see People v Sablan, 177 AD3d at 1025-1026; People v Taylor, 144 AD3d 1317, 1319 [3d Dept 2016], lv denied 28 NY3d 1151 [2017]; People v Murdie, 134 AD3d 1353, 1354 [3d Dept 2015]). "Although there is a narrow exception to the preservation rule permitting appellate review when a sentence's illegality is readily discernible from the record, this case does not fall within that narrow exception because resolution of the question of whether the out-of-state conviction is the equivalent of a New York felony requires resort to outside facts, documentation or foreign statutes" (People v Sablan, 177 AD3d at 1026 [internal quotation marks, brackets and citations omitted]; see People v Goines, 229 AD3d 1248, 1249 [4th Dept 2024], lv denied 42 NY3d 1035 [2024]), given that the record does not reveal the precise nature of defendant's prior drug trafficking conviction in Ohio. Defendant still has a viable avenue of relief in the form of a CPL article 440 motion (see CPL 440.20 [1]; People v Jurgins, 26 NY3d 607, 612 [2015]), which would help with the "development of an adequate [*2]record . . . [to] allow the New York courts to intelligently determine whether that conviction qualified as a proper predicate for enhanced sentencing in this case" (People v Dodson, 194 AD3d 1409, 1410 [4th Dept 2021]; see People v Sablan, 177 AD3d at 1026; compare People v Carabello, 213 AD3d at 1553-1554).
Clark, J.P., Pritzker, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.